# CIVIL STANDING ORDER – GENERAL
# U.S. DISTRICT JUDGE EDWARD M. CHEN

1. **Conformity to Rules.** Parties shall follow the Federal Rules of Civil Procedure, the Civil Local Rules, and the General Orders of the Northern District of California, except as superseded by these Standing Orders. Any failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions.

2. **Communication with the Court.** Parties shall not attempt to make *ex parte* contact with the Judge or his chambers staff by telephone, facsimile, or any other means but may contact the Courtroom Deputy Clerk, Vicky Ayala, at (415) 522-2034, or email at emccrd@cand.uscourts.gov, with appropriate inquiries (*e.g.*, scheduling inquiries).

All counsel listed on the parties' briefing must be fully apprised of the status of the pending matter and must be authorized to respond to calendar settings by the Court.

With the exception of discovery disputes (see the Civil Standing Orders on Discovery), or unless expressly permitted by the Court, parties shall not submit letters to the Court, and any communication with the Court must be in pleading form, including but not limited to status reports, requests for continuances, and requests for telephonic appearances.

3. **Scheduling Days.**

a. Civil law-and-motion calendar is conducted on Thursdays at 1:30 p.m. Order of call is to be determined by the Court. Parties may *jointly* ask for a motion to be considered on the papers, but such requests are not automatically granted. The Court may, in its discretion, vacate a hearing on a motion and rule on the papers.
b. Initial case management conferences are conducted on Tuesdays at 1:30 p.m.
c. Further status conferences are conducted on Tuesdays at 2:30 p.m.
d. Pretrial conferences are conducted on Tuesdays at 2:30 p.m.

4. **Changes to the Court Calendar.** No changes to the Court's schedule shall be made except by order of the Court. Parties seeking to continue hearings, request special status conferences, modify briefing schedules, or make any other procedural changes shall submit a signed stipulation and proposed order or, if stipulation is not possible, a motion for administrative relief. *See* Civ. L.R. 7-11. Parties seeking to enlarge a filing deadline by way of a motion for administrative relief are admonished to file such a motion in advance of the filing deadline rather than on the day a brief or other matter is due. Continuances will be granted only upon a showing of good cause, with a particular focus on diligence by the party seeking the continuance and prejudice that may result if the continuance is denied.

5. **Chambers Copy.** Chamber hard copies are not required except when (1) the Court expressly asks the parties to provide hard copies or (2) the parties are making filings for: (a) a Final Pretrial Conference; (b) a Claim Construction hearing; or (c) summary judgment proceedings. For hard copies, (1) all documents must be three-hole punched on the left-hand side; and (2) exhibits to declarations must be tabbed. If electronically filed, declarations containing exhibits must be bookmarked (*i.e.*, if the declaration makes reference to an exhibit,

the declaration must contain a hyperlink to the corresponding exhibit; declarations and exhibits to be filed as a single PDF.). The foregoing applies regardless of page length.

**6. Case Management Conference Statement.** The *joint* case management statement must be filed one week in advance of the case management conference date. The statement must include all elements requested in the "Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement." *See* Civ. L.R. 16-9. In cases involving pro se litigants, parties shall attempt to file a joint statement; if after due diligence, an agreement cannot be reached, the parties may file separate case management statements, with each statement not to exceed seven (7) pages. Unless proceeding pro se, each party shall be represented at the case management conference by counsel with full and complete authority to address all of the matters referred to in (a) Federal Rules of Civil Procedure 16(c) and 26(f) and (b) the "Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement." Counsel must also have full and complete authority to enter stipulations and made admissions. When proposing trial dates, counsel shall use Judge Chen's Guidelines Re: Calculation of Trial Time Line posted as a standing order on the Court's website.

**7. Motions.** All declarations shall be filed as separate documents. **This includes motions and declarations e-filed with the Court. Supporting declarations must be filed as separate documents.** Tabs *must* be used for exhibits attached to declarations, including chambers copies.

The Court strongly encourages parties to permit less experienced lawyers, including lawyers from historically under-represented groups, to actively participate in the proceedings by presenting argument at motion hearings or examining witnesses at trial. The Court is amenable to permitting a number of lawyers to argue for one party if this creates an opportunity for such attorneys to participate. Although the Court generally hears civil motions by Zoom, if an attorney with five (5) or fewer years of experience requests, the Court will consider holding a live, in-person hearing.

**8. Discovery and Discovery Motions.** See the "Civil Standing Orders on Discovery." This includes General Order 71 government certain employment cases.

**9. Motions for Summary Judgment.** Each party or side is limited to filing one summary judgment motion. Any party wishing to exceed this limit must request leave of the Court. Briefing shall comply with Civil Local Rules 7-2 through 7-5. Separate statements of undisputed facts will not be considered by the Court. Joint statements of undisputed facts are not required, but are helpful if agreed upon.

**10. Complaints in Federal Securities Fraud Cases.** Where a plaintiff files a federal securities fraud case, the plaintiff shall attach to its complaint a chart regarding any allegedly fraudulent/misleading statement(s) or omission(s). The following information should be provided on the chart.

| Statement # | Complaint ¶ | Speaker, Date, Occasion | False/Misleading Statement or Omission | Reason Why False/Misleading When Made | Facts Giving Rise to Strong Inference of Scienter |
|---|---|---|---|---|---|
| | | | | | |

**11. Motions for Class Certification.** In any motion for class certification, plaintiffs' counsel must include a section called "Manageability of the Class Action Trial" in which they explain precisely how the Court should handle any potentially individualized issues to ensure that they do not render the trial unmanageable. This section should generally include a discussion of jury instructions, especially in cases that involve subclasses, plaintiffs from multiple states, or law from multiple jurisdictions. In addition, to assist the Court in assessing any manageability concerns, plaintiffs' counsel must file a proposed verdict form in connection with the motion for class certification.

**12. Proposed Orders Required.** Each party filing or opposing a motion shall also serve a proposed order that sets forth the relief or action sought and a short statement of the rationale of decision. The proposed order should be filed at the same time as the motion or opposition.

**13. Grounds for Recusal.** Parties are directed to inform the Court of any and all reasonable bases for recusal at the earliest possible date.

**14. Service of Standing Orders.** Plaintiff (or in the case of removed cases, any removing defendant) is directed to serve copies of: (1) this standing order, (2) this Court's "Civil Standing Order on Discovery," and (3) the "Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement" at once upon all parties to the action, and upon those subsequently joined, in accordance with the provisions of Federal Rules of Civil Procedure 4 and 5. The plaintiff (or in the case of removed cases, any removing defendant) shall also file with the Clerk of the Court a certificate reflecting such service, in accordance with Civil Local Rule 5-5.

**IT IS SO ORDERED.**

EDWARD M. CHEN
United States District Judge

revised: 2/6/2025