UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NADJA YANG,

Plaintiff,

v.

REGENTS OF THE UNIVERSITY OF MICHIGAN,

Defendant.

Case No. 26-cv-11021-EMC

**ORDER TO SHOW CAUSE**

Plaintiff Nadja Yang has filed suit against Defendant the Regents of the University of Michigan. Ms. Yang is an undergraduate student at the University. *See* Compl. ¶ 4. The dispute arose after Ms. Yang sought information from the University pursuant to Michigan's Freedom of Information Act ("FOIA"). In essence, Ms. Yang asked for records about "the terms on which the University of Michigan retained outside counsel [Barnes & Thornburg LLP] and the amounts [the University] disbursed to [counsel in conjunction with several bankruptcy related cases involving Ms. Yang and pending in the Northern District of California]." Compl. ¶ 29; *see also* Compl. ¶ 23. The University declined to produce any records, citing an exemption for disclosure for "records or information relating to a civil action in which the requesting party and the public body are parties." Compl. ¶ 25 (internal quotation marks omitted). According to Ms. Yang, the exemption provision on which the University relied violates the First and Fourteenth Amendments. Ms. Yang also argues that the University's denial was improper under Michigan's FOIA.

Based on the allegations in Ms. Yang's complaint, there does not appear to be personal jurisdiction over the University with respect to its denial of Ms. Yang's Michigan FOIA request.

United States District Court
Northern District of California

*See* Compl. ¶ 6 (suggesting that there is personal jurisdiction because, at the time Ms. Yang's FOIA request was denied, the University's General Counsel Tiomthy G. Lynch was leaving the University for a new job at Stanford). Similarly, venue is a problem. *See* Compl. ¶ 15 (asserting that there is venue based on 28 U.S.C. § 1391(b)(3)). Section 1391(b)(3) provides that a civil action may be brought in, "if there is *no district* in which any action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action") (emphasis added). That is not the case here. Under 28 U.S.C. § 1391(b)(1) and (2), a civil action may be brought in "a judicial district in which any defendant resides" or one "in which a substantial part of the events or omissions giving rise to the claim occurred." Venue would appear to apply to the district in which the University of Michigan is located, not the Northern District of California. And even if there were personal jurisdiction and/or venue, 28 U.S.C. § 1404 provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The nexus of this case to this District (as opposed to, *e.g.*, the Eastern District of Michigan) is minimal.

Accordingly, the Court hereby orders Ms. Yang to show cause as to why this case should not be dismissed for lack of personal jurisdiction and/or improper venue, or at the very least why this case should not be transferred to the Eastern District of Michigan pursuant to § 1404(a). Ms. Yang's response to this order to show cause shall be filed by November 5, 2026. The University shall then have until November 12, 2026, to file a response.

**IT IS SO ORDERED**.

Dated: October 27, 2026

EDWARD M. CHEN
United States District Judge



United States District Court
Northern District of California