**BARNES & THORNBURG LLP**
Amy C. Poyer (SBN 277315)
Amy.poyer@btlaw.com
2029 Century Park East, Suite 300
Los Angeles, CA 90067-3012
Telephone: 310-284-3880
Facsimile: 310-284-3894

*Attorneys for Defendant*
Regents of the University of Michigan

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHI (aka NADJA YANG);<br>Plaintiff,<br>vs.<br>REGENTS OF THE UNIVERSITY OF MICHIGAN;<br>Defendant. | Case No. 3:26-cv-11021-EMC<br>**DEFENDANT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**<br>Judge: Honorable Edward M. Chen |

This case is the seventh legal proceeding that Plaintiff Nadja Yang has initiated, *pro se*, against the Regents of the University of Michigan (the "University") or the University's employees over the past seven months. Each one relates to the University's debt collection practices and Ms. Yang's now-dismissed bankruptcy petition in the U.S. Bankruptcy Court for the Northern District of California. While the other actions do not bear on the Court's personal jurisdiction and whether venue is proper here, citations to each are provided for background: *United States ex rel. Yang v. Regents of the Univ. of Mich., et al.*, Case No. 2:26-cv-11373 (E.D. Mich. Apr. 27, 2026); *In re: Nadja Yang*, Case No. 3:26-bk-30507 (Bankr. N.D. Cal. June

8, 2026); *Yang v. Lynch*, Case No. 3:26-ap-3032 (Bankr. N.D. Cal. July 15, 2026); *Yang v. Regents of the Univ. of Mich.*, Case No. 3:26-cv-7259 (N.D. Cal. July 15, 2026); *In re: Yang*, Case No. 3:26-cv-7302 (N.D. Cal. July 16, 2026); *Yang v. Educ. Comput. Sys., Inc., et al.*, Case No. 2:26-cv-12839 (E.D. Mich. Aug. 13, 2026).[1]

Ms. Yang filed her complaint here after the University denied her request for documents under Michigan's Freedom of Information Act related to the University's representation by outside counsel in the California actions. Compl. ¶¶ 23-25 (ECF No. 1). The University denied her request under Mich. Comp. Laws § 15.243(1)(v), which exempts disclosure of "[r]ecords or information relating to a civil action in which the requesting party and the public body are parties." Compl. ¶ 25. Counsel for the University contacted Ms. Yang, and they agreed to a joint stipulation on October 14, 2026, for the University to respond to the complaint. (ECF No. 10). Despite agreeing to the stipulation, which moved the University's response deadline to November 27, 2026, Ms. Yang filed a motion for preliminary injunction on October 26, 2026. (ECF No. 12).

The next day, the Court entered an order to show cause "as to why this case should not be dismissed for lack of personal jurisdiction and/or improper venue, or at the very least why this case should not be transferred to the Eastern District of Michigan under § 1404(a)." Order at 2 (ECF No. 14). The Court lacks personal jurisdiction over the University, and venue is improper here. Accordingly, the Court should dismiss this case. However, should the Court determine that it has personal jurisdiction over the University and that venue is proper here, it should nonetheless transfer the case to the Eastern District of Michigan.

## I. The Court does not have personal jurisdiction over the University.

Ms. Yang, as the party seeking to invoke the Court's jurisdiction, "has the

[1] A court may properly take judicial notice of filings in other federal courts. *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2001)).

burden of establishing that jurisdiction exists." *Apple Inc. v. VoIP-Pal.com, Inc.*, 506 F.Supp.3d 947, 956 (N.D. Cal. 2020) (citing *In re Boon Global Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019)). She cannot meet that burden.

When, as here, personal jurisdiction is not governed by a federal statute, courts apply the law of the state in which the district court sits. "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004) (citation omitted). Personal jurisdiction that comports with due process requirements can be shown through either general or specific jurisdiction. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Ms. Yang can show neither.

**A. There is no general jurisdiction because the University is not considered "at home" in California.**

A court may exercise general jurisdiction over an out-of-state defendant when the defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). "[B]ecause a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any activities anywhere in the world," a showing of general jurisdiction "is an exacting standard, as it should be . . . ." *Schwarzenegger*, 374 F.3d at 801.

To avoid rendering a defendant subject to general jurisdiction in any court, the Supreme Court has explained "that only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Typically, for a corporation, this includes "the place of incorporation and principal place of business." *Id.* "Those affiliations have the virtue of being unique—that is, each ordinarily indicates *only one place*—as well

as easily ascertainable," providing plaintiffs recourse in "at least one clear and certain forum . . . ." *Id.* (emphasis added).

The University cannot properly be considered "at home" in California. The Regents of the University of Michigan is "a body corporate," established by the Michigan Constitution. Mich. Const. art. VIII, § 5. "The board of regents shall constitute the body corporate, with the right, as such, of suing and being sued . . . ."[2] Mich. Comp. Laws § 390.4. Its equivalent "incorporation" is in Michigan, and its principal place of business is, unsurprisingly, in Michigan. The University's affiliations with that state are unique, providing a clear and certain forum in which any plaintiff may bring a claim against it. Ms. Yang has sued the University twice this year in the Eastern District of Michigan, where the University is considered "at home." *See United States ex rel. Yang v. Regents of the Univ. of Mich., et al.*, Case No. 2:26-cv-11373 (E.D. Mich. Apr. 27, 2026); *Yang v. Educ. Comput. Sys., Inc., et al.*, Case No. 2:26-cv-12839 (E.D. Mich. Aug. 13, 2026).

Ms. Yang's response to the Court's order does not argue for the application of general jurisdiction, and none exists here. The University's affiliations with California are not "so continuous and systematic" that it can properly be considered "at home" in California. It would not comport with due process that the University could be haled into California courts for any claim unrelated to the forum.

### B. There is no specific jurisdiction because the University did not direct its activities into California.

The exercise of specific jurisdiction over an out-of-state defendant requires a three-part showing:

---

[2] Although it is a separate question from personal jurisdiction and venue, federal courts have routinely held that the Board of Regents is an "arm of the state" subject to Eleventh Amendment immunity. *E.g.*, *Est. of Riter v. Univ. of Mich.*, 851 F.2d 846, 851 (6th Cir. 1988). This would presumptively preclude Ms. Yang's 42 U.S.C. § 1983 claim. Per the Court's order, the University first addresses personal jurisdiction and venue. In doing so, the University does not waive its Eleventh Amendment immunity and will present that argument in full should the Court find that it has personal jurisdiction and venue is proper.

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). It is the plaintiff's burden to establish the first two prongs; a failure to establish either will not allow for personal jurisdiction. *Id.* If the plaintiff satisfies the first two prongs, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)). Ms. Yang cannot establish either of the first two prongs.

**1. The University has not directed its conduct into California.**

As to the first prong, the University must have either purposefully directed its conduct toward California or purposefully availed itself of the privilege of conducting business in California. Although purposeful direction and purposeful availment are often discussed together, they are distinct concepts. "A purposeful availment analysis is most often used in suits sounding in contract." *Id.* (citing *Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001)). "A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." *Id.* (citing *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

The purposeful availment inquiry is not applicable here. There is no contract at play, and no allegations to the contrary. "The requirement of purposeful availment

'ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or the unilateral activity of another party or third person.'" *Unocal Corp.*, 248 F.3d at 924. Haling the University into a California court to defend Michigan's statutory FOIA scheme solely because of Ms. Yang's prolific litigation in this and other districts would be the result of random, fortuitous, or attenuated contacts. The University has not purposefully availed itself of the privilege of conducting activities in California.

Ms. Yang's response to the Court's order to show cause focuses on the purposeful direction analysis, which is subject to the Supreme Court's *Calder* "effects" test. The Ninth Circuit has broken down this test into a three-part inquiry. This "test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co.*, 303 F.3d at 1111 (describing *Calder v. Jones*, 465 U.S. 783 (1984) and its progeny). Each element to show purposeful direction is missing.

Here, the University declined to produce the records sought. This is an inaction or a refusal to act. In discussing this first prong of the *Calder* effects test, the Ninth Circuit has explained that it "construe[s] 'intent' in the context of the 'intentional act' test as referring to an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Schwarzenegger*, 374 F.3d at 806 (citing Restatement (Second) of Torts § 2 cmt. c). Ms. Yang argues that a denial "is an act, 'an external manifestation of the actor's will.'" Resp. at 7 (ECF No. 15). But this incorrectly focuses on the intended result that the records are not produced. A refusal to do something cannot constitute "an actual, physical act in the real world." Ms. Yang also points to the University FOIA Coordinator's signature denying the request as a physical act. *Id.* But again, this is the manifestation of the intent to *not* do something. Here, there was no intentional act.

But even if the denial of Ms. Yang's request was an intentional act, it was not expressly aimed at California. Ms. Yang made her request under Michigan law. That request was denied under Mich. Comp. Laws § 15.243(1)(v), which provides an exception from disclosure for "[r]ecords or information relating to a civil action in which the requesting party and the public body are parties." There is nothing to suggest that the denial was somehow expressly aimed at California, to the extent it was aimed at any state.

The University having litigated in this Court before cannot automatically confer jurisdiction over subsequent, unrelated actions. This Court has rejected this maneuver, albeit in the general jurisdiction context. "[T]hat a nonresident defendant previously litigated in the forum surely does not constitute 'continuous and systematic contact with the forum.'" *Aldrich v. NCAA*, 484 F.Supp.3d 779, 792 (N.D. Cal. 2020). Even more problematic than in *Aldrich* is that here, *Ms. Yang* is the one who initiated the previous litigation that she now attempts to leverage to show personal jurisdiction. This is the seventh legal proceeding she has initiated against the University. Although the cases are in various stages of litigation, the original bankruptcy action in the U.S. Bankruptcy Court for the Northern District of California was dismissed for improper venue. *In re: Nadja Yang*, Case No. 3:26-bk-30507 (Bankr. N.D. Cal. June 23, 2026) (ECF No. 24).

Finding jurisdiction here because Ms. Yang has initiated other legal actions in this Court that are unrelated to her Michigan FOIA request would render the concept toothless. To establish personal jurisdiction over a defendant, a plaintiff would only need to file an ill-fated lawsuit in any jurisdiction and then a subsequent lawsuit that claims some connection to the first suit. If a plaintiff would like to continue litigating the underlying lawsuit, the plaintiff may appeal a dismissal—which Ms. Yang has done. *Yang v. Regents of the Univ. of Mich.*, Case No. 3:26-cv-7259 (N.D. Cal. July 15, 2026).

The subject matter of a request under the Michigan FOIA cannot establish jurisdiction merely because the request involved the forum state. Any possible connection between that request and this case is the result of Ms. Yang's own doing, and the University has not expressly aimed any intentional act at California.

The final component of the *Calder* effects test ("causing harm the defendant knows is likely to be suffered in the forum state") is also missing. Ms. Yang argues that the harm "is suffered where the petitioning is." Resp. at 9. This is wrong and is not what *Calder* or *Keeton* stand for. In *Keeton*, it was the respondent's "regular circulation of magazines in the forum State" that contained the allegedly libelous material that allowed for personal jurisdiction. *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 773-74 (1984). The petitioner in *Keeton* suffered harm because of the publication in New Hampshire. *Calder* is even further off. There, the respondent brought a libel suit in California, where she lived, for an article written by the petitioner in Florida. *Calder*, 465 U.S. at 784. The exercise of jurisdiction was proper because "[t]he allegedly libelous story concerned the California activities of a California resident . . . was drawn from California sources, and the brunt of the harm, . . . was suffered in California." *Id.* at 788-89. As the Court explained, "California is the focal point both of the story and of the harm suffered." *Id.* at 789.

Nothing of the sort is present here. Ms. Yang resides in Michigan. She sought information under Michigan law and the University denied that request under Michigan law. The only superficial connection to California is that the information requested pertained to the legal representation for legal proceedings in California that Ms. Yang initiated. But the alleged act is the denial of the request. That denial did not cause harm in California. To the extent that Ms. Yang suffered any harm, it would seem to be in Michigan, where she resides.

Because each element of the *Calder* effects test is missing here, the University did not purposefully direct its actions into California. With no purposeful direction,

there can be no specific personal jurisdiction over the University. The Court should dismiss this case for lack of personal jurisdiction.

**2. The claim does not arise out of or relate to the University's forum-related activities.**

The second part of the specific personal jurisdiction analysis "explores the relationship between the cause of plaintiff's harm and the defendant's acts identified as creating purposeful contacts with the forum state." *Lake*, 817 F.2d at 1421. The "arise out of" inquiry asks whether "the defendant's contacts with the forum [are] a but for cause of the plaintiff's claims." *Doe v. Deutsche Lufthansa*, 157 F.4th 1103, 1112 (9th Cir. 2025) (citations omitted). The "relates to" inquiry only asks whether there is a "'connection' between a plaintiff's suit and a defendant's activities." *Id.* (citations omitted). Importantly, though, the phrase "relate to" "'does not mean anything goes.' To the contrary, to give 'relate to' too broad a scope would risk 'collaps[ing] the core distinction between general and specific personal jurisdiction.'" *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 506 (9th Cir. 2023) (quoting *Bernhardt v. Islamic Republic of Iran*, 47 F.4th 856, 866 (D.C. Cir. 2022)).

Ms. Yang's claim arises solely from the University's activities in Michigan. Ms. Yang requested records under the Michigan FOIA, and that request was denied under the Michigan FOIA. The University's maintenance of records and responses to requests are Michigan-related activities. Any contact to California through the University's compliance with the Michigan FOIA is too attenuated, and Ms. Yang does not plausibly explain how the University's contacts with California are the but-for cause of her claim.

Similarly, Ms. Yang fails to explain the connection between the University's compliance with the Michigan FOIA in Michigan and her claim. It does not matter that the subject of the request related to another forum, the activities relating to the request are still limited to Michigan. To hold otherwise would mean that any record

that relates to another forum would then subject the University to jurisdiction in that forum merely by maintaining that record. Such a holding would circumvent the protections of due process. Here, there are no California-related activities on the part of the University that relate to this claim. The second element required to establish specific personal jurisdiction has not been met.

**3. The exercise of jurisdiction here would not comport with fair play and substantial justice.**

Because Ms. Yang has failed to show the first two elements required to satisfy specific personal jurisdiction, the Court need not consider the third prong. Yet if it does, the Court should find that the exercise of jurisdiction would not comport with fair play and substantial justice. The reasons not to exercise jurisdiction under this prong are similar to the reasons that warrant a transfer, as discussed below. Both Ms. Yang and the University reside in Michigan, and this case asks the Court to assess Michigan law. Ms. Yang also has two lawsuits pending against the University in Michigan. *See United States ex rel. Yang v. Regents of the Univ. of Mich., et al.*, Case No. 2:26-cv-11373 (E.D. Mich. Apr. 27, 2026); *Yang v. Educ. Comput. Sys., Inc., et al.*, Case No. 2:26-cv-12839 (E.D. Mich. Aug. 13, 2026). It would be unduly burdensome on the University to litigate this case—the seventh by Ms. Yang—in California. Indeed, the Supreme Court has explained that "jurisdictional rules may not be employed in such a way as to make litigation 'so gravely difficult and inconvenient' that a party unfairly is at a 'severe disadvantage' in comparison to his opponent." *Burger King*, 471 U.S. at 478. Ms. Yang is attempting to overwhelm the University with duplicative (or related) litigation. The Court should not permit her use of different jurisdictions in this scheme.

In her response to the Court's order, Ms. Yang presents several arguments for why jurisdiction here would not offend fair play and substantial justice. None are availing. First, Ms. Yang argues that the University advertises itself to other states

and has out-of-state students who attend the University. Resp. at 12-13. But this is not enough to establish jurisdiction because it is unrelated to the claims. Whether the University encourages Californians to attend the University has nothing to do with the Michigan FOIA, the University's compliance with it, or its constitutionality, and cannot weigh on a specific personal jurisdiction analysis. Second, Ms. Yang points to the satellite campus that the University maintains in California. Resp. at 14. But this suffers from the same deficiency. The existence of the California campus is unrelated to Ms. Yang's claim.

Finally, Ms. Yang points to the University having accepted service in California. Resp. at 15. However, the sort of "tag jurisdiction" that Ms. Yang suggests is only applicable to natural persons. The due process analysis is a prerequisite to exercise of personal jurisdiction over a corporation, regardless of service. *See Martinez v. Aero Caribbean*, 764 F.3d 1062, 1068 (9th Cir. 2014).

Every element required to establish specific personal jurisdiction is missing here. Ms. Yang cannot show that the University directed its conduct into California or that her claim arises out of the University's California-related activities. Even if she could, the exercise of jurisdiction would not comport with fair play and substantial justice. The Court should dismiss this case for lack of personal jurisdiction.

**II. Venue is not proper in this Court.**

Venue in this case will rise or fall with the Court's personal jurisdiction over the University. Because the Court lacks personal jurisdiction over the University, venue is not proper. The Court should dismiss this case. Alternatively, the Court should transfer the case to the Eastern District of Michigan under 28 U.S.C. § 1404(a).

**A. Venue is improper here because the Court lacks personal jurisdiction over the University.**

Whether venue is proper in a given court "is generally governed by 28 U.S.C. § 1391." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 55 (2013). Ms. Yang alleges venue under 28 U.S.C. § 1391(b)(1), Compl. ¶ 15, which allows a civil action to be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." The University is the only defendant here. The University is "an entity with the capacity to sue and be sued" and thus, "shall be deemed to reside, . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2). California has multiple districts. Venue would be proper in any district that could properly exercise personal jurisdiction over the University. *See* 28 U.S.C. § 1391(d).

Ms. Yang has failed to meet her burden of showing that the Court has either general or specific personal jurisdiction over the University. The University's contacts with the forum state are not so systematic and continuous that it can properly be regarded as "at home" in this district. The University has not directed its conduct into the forum state; any possible connection is the result of Ms. Yang's litigation against the University.

Because the Court does not have personal jurisdiction over the University, venue is improper here. But even under the alternate bases for venue, it is still not proper here. Venue may be established in either "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" or "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(2)-(3).

None of the events or omissions occurred in this district, much less "a substantial part" of them. Despite Ms. Yang's insistence to the contrary, the entirety of the actions leading up to the complaint occurred in Michigan. Additionally, there is another district where Ms. Yang could bring her action: the Eastern District of Michigan, which would also unquestionably have personal jurisdiction over the University. Venue is not proper in this Court.

**B. If the Court determines that it has personal jurisdiction and that venue is proper, it should transfer the case to the Eastern District of Michigan.**

Ms. Yang's case fails to establish both personal jurisdiction and venue. Should the Court disagree, it should still transfer the case to the Eastern District of Michigan. 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." Notwithstanding Ms. Yang's extensive discussion of the setlists of the musical artists Phoebe Bridgers and Olivia Rodrigo, Resp. at 25, 30-31, or the differences in climate between San Francisco and Ann Arbor, Michigan, *id.* at 26-30, the convenience of the parties and the interest of justice overwhelmingly favor the Eastern District of Michigan.

Both Ms. Yang and the University reside in Michigan, and the challenge in this case is a challenge of Michigan law. Additionally, both personal jurisdiction and venue would be proper in the Eastern District of Michigan. Ms. Yang cites conversations with and filings by the University's counsel regarding the cases in California, apparently for the proposition that the University is amenable to litigation here. Resp. at 34-35. But that is in response to litigation that she had initiated. Conversely, Ms. Yang filing two lawsuits against the University in the Eastern District of Michigan demonstrates her amenability to litigating in that district. *See United States ex rel. Yang v. Regents of the Univ. of Mich., et al.*, Case No. 2:26-cv-

11373 (E.D. Mich. Apr. 27, 2026); *Yang v. Educ. Comput. Sys., Inc., et al.*, Case No. 2:26-cv-12839 (E.D. Mich. Aug. 13, 2026). Despite these filings in Michigan, Ms. Yang has stated her preference to litigate this specific case in this Court. But the balance of the parties' convenience and the interest of justice favor transferring this case.

The Court does not have personal jurisdiction over the University and thus, venue is also improper. The Court should dismiss the case. Should the Court hold that it has personal jurisdiction over the University and that venue is proper here, it should still transfer the case to the Eastern District of Michigan.

Dated: November 12, 2026

**BARNES & THORNBURG LLP**

By: *[/s/ Amy C. Poyer](#)*

Amy C. Poyer

*Attorneys for Defendant Regents of the University of Michigan*

**CERTIFICATE OF SERVICE**

I am over 18 years of age and not a party to this action. I am employed in the County of Allen, State of Indiana. My business address is 888 South Harrison Street, Suite 600, Fort Wayne, Indiana 46802.

On November 12, 2026, I served a true copy of the following document, described as **DEFENDANT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**, on the interested party in this action as follows:

Nadja Yang
200 E Liberty St Lbby Unit 7760
Ann Arbor, MI 48107
nadja@njy.dev
Plaintiff, pro se

**BY E-MAIL OR ELECTRONIC TRANSMISSION.** Pursuant to Fed. R. Civ. P. 5(b)(2)(E), and Plaintiff's written consent to service by e-mail in this case, I caused a copy of the document to be sent from the e-mail address lisa.starks@btlaw.com to Plaintiff at the e-mail address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING.** The document was electronically filed with the Clerk of the Court using the CM/ECF system, which served all participants in the case who are registered CM/ECF users.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed at the law firm of Barnes & Thornburg LLP.

Executed on November 12, 2026, at Fort Wayne, Indiana.

*/s/ Lisa D. Starks*

Lisa D. Starks