UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADJA YANG,<br>Plaintiff,<br>v.<br>REGENTS OF THE UNIVERSITY OF MICHIGAN,<br>Defendant. | Case No. 26-cv-11021-EMC<br>**ORDER TRANSFERRING CASE**<br>Docket Nos. 14-15, 17 |

Previously, the Court issued an order directing Plaintiff Nadja Yang to show cause as to why her case should not be dismissed for lack of personal jurisdiction and/or improper venue, or at the very least why the case should not be transferred to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). The Court also gave Defendant the Regents of the University of Michigan an opportunity to file a response to Ms. Yang's filing. Having considered the papers submitted, the Court hereby **TRANSFERS** the case at bar to the Eastern District of Michigan.

## I. BACKGROUND

Ms. Yang is an undergraduate student at the University of Michigan. She admits that she resides in Michigan. *See* Pl.'s Resp. at 36. Ms. Yang initiated a Chapter 7 bankruptcy in the Northern District of California. The University appears to be a creditor of Ms. Yang. The bankruptcy court has dismissed her case for improper venue. *See In re Yang*, No. 26-30507 WJL (N.D. Cal. Bankr. Ct.). Ms. Yang is contesting that ruling. *See, e.g.*, *In re Yang*, No. C-26-7302 WHO (N.D. Cal.); *Yang v. Regents of the Univ. of Mich.*, No. C-26-7259 WHO (N.D. Cal.).

/ / /

/ / /

United States District Court
Northern District of California

United States District Court
Northern District of California

Ms. Yang filed the instant case after the University denied her request for certain records pursuant to the Michigan Freedom of Information Act ("FOIA"). Ms. Yang had sought records related about "the terms on which the University of Michigan retained outside counsel [Barnes & Thornburg LLP] and the amounts [the University] disbursed to [counsel in conjunction with the bankruptcy proceedings involving Ms. Yang]." Compl. ¶ 29; see also Compl. ¶ 23. In declining to produce any records, the University cited an exemption for disclosure for "records or information relating to a civil action in which the requesting party and the public body are parties." Compl. ¶ 25 (internal quotation marks omitted). In the case at bar, Ms. Yang contends that the exemption provision on which the University relied violates the First and Fourteenth Amendments. She also argues that the University's denial was improper under Michigan's FOIA.

## II. **DISCUSSION**

The Court continues to have serious doubt as to whether there is personal jurisdiction over the Regents. Ms. Yang has failed to establish that the Regents are "essentially at home" in California, and thus general jurisdiction is lacking. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks omitted); *cf. id.* at 137 (noting that, for a corporation, "the place of incorporation and principal place of business are paradig[m] bases for general jurisdiction") (internal quotation marks omitted). As for specific jurisdiction, a critical element is that "[t[he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "It is 'insufficient to rely on a defendant's random, fortuitous, or attenuated contacts or on the unilateral activity of a plaintiff with the forum to establish specific jurisdiction.'" *United States Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 150 (2d Cir. 2019). Here, the Regent's contacts with California are attenuated and, if anything, based on the unilateral conduct of Ms. Yang – *i.e.*, she initiated the bankruptcy proceeding in California.

/ / /

/ / /

The Court, however, need not rule dispositively on personal jurisdiction (or venue).[1] "[A] district court may . . . transfer an action pursuant to 28 U.S.C. [§] 1404(a), regardless of whether venue is proper or the transferring court has personal jurisdiction of the defendant." *Southard v. Kipper Tool Co.*, No. 3:15-cv-03621-JSC, 2023 U.S. Dist. LEXIS 188279, at *6 (N.D. Cal. Oct. 19, 2023); *see also Fort Knox Music, Inc. v. Baptiste*, 257 F.3d 108, 111 (2d Cir. 2001) (stating that "[t]he district court has this power to transfer venue [under § 1404(a)] even if it lacks personal jurisdiction over the defendants"); *cf. Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (in discussing transfer under § 1406(a) (instead of § 1404(a)), stating that "[t]he language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not").

Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404. There is no dispute that Ms. Yang could have brought her claims – including her claim for violation of Michigan's FOIA – in the Eastern District of Michigan where the University is based. Thus, the Court must now consider whether there is a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum" by considering private factors relating to "the convenience of parties and witnesses" and public factors relating to "the interest of justice." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The public and private factors the Court considers include:

/ / /

/ / /

/ / /

---

[1] Ms. Yang's contention that venue is proper in the Northern District of California is based on 28 U.S.C. § 1391(b)(1) and (c)(2). *See* 28 U.S.C. § 1391(b)(1) (providing that "[a] civil action may be brought in . . . a judicial district in which any defendant resides"); *id.* § 1391(c)(2) (providing that "an entity with the capacity to sue and be sued . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question").

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); s*ee also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

Taking into account the above factors, the Court concludes that a transfer to the Eastern District of Michigan is appropriate. While Ms. Yang has chosen the Northern District of California as her forum, her choice is afforded less weight because she is not a resident of the Northern District. *See Merrell v. Ralph Lauren Corp.*, No. 23-cv-06669-HSG, 2025 U.S. Dist. LEXIS 156030, at *7 (N.D. Cal. Aug. 12, 2025) (noting that, "where the plaintiff is not a resident of the chosen forum, '[their] choice of forum is entitled to less weight'"); *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009) (Illston, J.) (stating that, "[w]here a plaintiff does not reside in the forum, the Court may afford plaintiff's choice considerably less weight"). The convenience to the parties and the witnesses weighs in favor of the Eastern District of Michigan because both parties reside in Michigan and the person(s) responsible for making the decision to decline production of records likely resides in the Eastern District. While both this Court and the court in the Eastern District of Michigan have familiarity with constitutional law, the court in the Eastern District will have more familiarity with Michigan's FOIA. Michigan also has a greater interest in the parties' dispute to the extent Michigan's FOIA is at issue. The fact that Ms. Yang has filed a motion for a preliminary injunction in this District does not dictate whether or not there is a transfer. Nothing prevents Ms. Yang from seeking such relief with the court in the Eastern District of Michigan.

To the extent Ms. Yang has asked that this order be stayed so that she may file a petition for a writ of mandamus or a motion for an interlocutory appeal, *see* Pl.'s Resp. at 38, the request is denied. Ms. Yang has failed to establish that she is entitled to relief. *See Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997) ("Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt[;]

United States District Court
Northern District of California

and (3) no other adequate remedy is available."); 28 U.S.C. § 1292(b) (providing that a district court may certify for interlocutory review any nondispositive order that meets three criteria: (1) there is a controlling question of law upon which (2) there is a substantial ground for difference of opinion, and (3) the immediate appeal of the order will materially advance the ultimate termination of the litigation).

## III. CONCLUSION

For the foregoing reasons, the Court transfers the case at bar to the Eastern District of Michigan. The Clerk of the Court is directed to effectuate the transfer and administratively close the file in this case.

**IT IS SO ORDERED**.

Dated: November 13, 2026

EDWARD M. CHEN
United States District Judge