kai
200 E Liberty St Lbby Unit 7760
Ann Arbor MI 48107
M: Nadja Yang <nadja@njy.dev>
C: tel:332.203.3124
also known as Chi, Plaintiff *pro se*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

San Francisco Division

| | |
|---|---|
| CHI,<br>*Plaintiff*,<br>v.<br>REGENTS OF THE UNIVERSITY OF MICHIGAN,<br>*Defendant.* | Case No. 3:26-cv-11021-EMC<br>The Honorable Edward M. Chen<br>**PLAINTIFF'S NOTICE OF APPEAL**<br>**PRELIMINARY INJUNCTION APPEAL**<br>28 U.S.C. § 1292(a)(1)<br>9th Cir. R. 3-3(a) |

Plaintiff Chi, also known as kai and as Nadja Yang, appeals to the United States Court of Appeals for the Ninth Circuit from the order entered on November 13, 2026, ECF No. 19 ("Order Transferring Case"), an interlocutory order "refusing" the preliminary injunction for which she moved on October 26, 2026, ECF No. 12. 28 U.S.C. § 1292(a)(1).

"The University opposes the motion for preliminary injunction. . . . Should the Court make the prerequisite findings that it has personal jurisdiction over the University and that venue is proper, the University will address the merits of Ms. Yang's preliminary injunction motion." ECF No. 18, at 1–2. "The Court, however, need not rule dispositively on personal jurisdiction (or venue)." ECF No. 19, at 3 (footnote omitted). "The fact that Ms. Yang has filed a motion for a preliminary injunction in this District does not dictate whether or not there is a transfer. Nothing prevents Ms. Yang from seeking such relief with the court in the Eastern District of Michigan." *Id.* at 4.

"Ultimately, 'we must grant or deny.'" Pl.'s Resp. to Order to Show Cause at 24, ECF No. 15 (quoting *Trump v. Cook*, 609 U.S. 528, 550 n.3 (2026) (quoting *Trump v. CASA, Inc.*, 606 U.S. 831, 874 (2025) (Kavanaugh, J., concurring))). The order does not grant the injunction. *See A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (per curiam) ("Here the District Court's inaction—not for 42 minutes but for 14 hours and 28 minutes—had the practical effect of refusing an injunction . . . ."); *cf. Patel v. Reno*, 134 F.3d 929, 933 (9th Cir. 1997) (remanding "for the district court to order the consulate to either grant or deny the visa applications"), *cited in* ECF No. 19, at 4.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). "Because the question on appeal is whether the case belongs in arbitration or instead in the district court, the entire case is essentially 'involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023) (quoting *Griggs*, 459 U.S. at 58); *see id.* at 760 (Jackson, J., dissenting) ("Indeed, any appeal over

the proper forum for a dispute would arguably raise the same question.”). “We adopt the docketing date as the time of effective transfer.” *Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987).

Dated: November 13, 2026

Respectfully submitted,

/s/ kai

KAI, also known as Chi, Plaintiff *pro se*

Assisted-by: Claude Fable 5.2 via Claude Code