kai
200 E Liberty St Lbby Unit 7760
Ann Arbor MI 48107
M: Nadja Yang <nadja@njy.dev>
C: tel:332.203.3124
also known as Chi, Plaintiff *pro se*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

San Francisco Division

CHI,

*Plaintiff,*

v.

REGENTS OF THE UNIVERSITY OF MICHIGAN,

*Defendant.*

Case No. 3:26-cv-11021-EMC

The Honorable Edward M. Chen

**PLAINTIFF'S CERTIFICATE THAT NO TRANSCRIPT WILL BE ORDERED AND STATEMENT OF THE ISSUES**

Fed. R. App. P. 10(b)(1)(B), (b)(3)(A)

9th Cir. R. 3-3(b), 10-3.1(a)

Plaintiff Chi, also known as kai and as Nadja Yang, certifies that no transcript will be ordered. Fed. R. App. P. 10(b)(1)(B); 9th Cir. R. 10-3.1(a). There were no "oral proceedings in the district court." 9th Cir. R. 3-3(b).

On her appeal from the order entered on November 13, 2026, ECF No. 19, the Plaintiff intends to present these issues. Fed. R. App. P. 10(b)(3)(A); ECF No. 21.

1. Whether this Court erred in refusing the preliminary injunction for which the Plaintiff moved under Fed. R. Civ. P. 65(a), ECF No. 12, on claims that include a claim under Rev. Stat. § 1979, 42 U.S.C. § 1983, for the deprivation of "rights, privileges, or immunities secured by" the First and Fourteenth Amendments, Compl. ¶¶ 30–37, at 18–21, ECF No. 1, by transferring the civil action under 28 U.S.C. § 1404(a) to the Eastern District of Michigan, from which appeals "shall be taken" to the United States Court of Appeals for the Sixth Circuit, 28 U.S.C. §§ 41, 1294(1), and directing the Clerk "to effectuate the transfer and administratively close the file," ECF No. 19, at 5, without ruling on the motion, on the ground that "[n]othing prevents Ms. Yang from seeking such relief with the court in the Eastern District of Michigan." *Id.* at 4.
2. Whether Defendant Regents of the University of Michigan, when it denied the Plaintiff's request for records "under color of any statute . . . of any State," Rev. Stat. § 1979, 42 U.S.C. § 1983, on the ground of "a civil action in which the requesting party and the public body are parties," 1976 Mich. Pub. Acts No. 442, § 13(1)(v), as amended by 2023 Mich. Pub. Acts No. 64, Mich. Comp. Laws § 15.243(1)(v), where the "civil action[s]" to which the records relate are proceedings in this District, Compl. ¶¶ 23, 25, at 12–13, 15, ECF No. 1, formed a contact "that the 'defendant himself' creates with the forum State," *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)), or contacts "based on the unilateral conduct of Ms. Yang – i.e., she initiated the bankruptcy proceeding in California." ECF No. 19, at 2.
3. Whether the requirement that a defendant "purposefully avails himself of the privilege of conducting activities in the forum," ECF No. 19, at 2 (quoting

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)), is "due process of law," U.S. Const. amend. XIV, § 1, or a "'constitutional' restriction[] with no better source than the pen of Chief Justice Stone." Stephen E. Sachs, Pennoyer *Was Right*, 95 Tex. L. Rev. 1249, 1314 (2017); *see Fuld v. Palestine Liberation Organization*, 606 U.S. 1, 41 & n.3 (2025) (Thomas, J., concurring in judgment) ("During the *Lochner* era, . . . this Court began to determine that the Fourteenth Amendment restricts States' ability to adjudicate cases involving conduct beyond their borders."; "it may well be that the Due Process Clause of the Fifth Amendment should inform our understanding of parallel language in the Fourteenth Amendment"); Pl.'s Resp. to Order to Show Cause at 3–5, 17 & n.1, ECF No. 15.

4. Whether "the convenience of parties and witnesses," 28 U.S.C. § 1404(a), "weighs in favor of the Eastern District of Michigan because both parties reside in Michigan," ECF No. 19, at 4, where, as to Defendant Regents of the University of Michigan, "[f]or all venue purposes" an entity "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question," 28 U.S.C. § 1391(c), (c)(2), and this Court "need not rule dispositively on personal jurisdiction (or venue)," ECF No. 19, at 3; and where, as to the Plaintiff, "the *convenience* of the plaintiff is not important to the balancing process." *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *see In re Ralston Purina Co.*, 726 F.2d 1002, 1005 n.5 (4th Cir. 1984) ("courts have no call to save a plaintiff from himself"); *cf.* Pl.'s Resp. to Order to Show Cause at 25, ECF No. 15 ("[T]he transfer that § 1406(a) permits in place of dismissal . . . exists for the plaintiff's protection . . . . The Plaintiff does not ask for that 'protection.'" (citations omitted)).

5. Whether the "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum" is one that "[t]he defendant must make," *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986), *quoted in part in* ECF No. 19, at 3, *see Savage*, 611 F.2d at 279 ("Savage had the burden to justify by

particular circumstances that the transferor forum was inappropriate."), or one that this Court may make *sua sponte* on the ground that "the person(s) responsible for making the decision to decline production of records likely resides in the Eastern District," ECF No. 19, at 4; and whether the weight of the Plaintiff's choice turns on her residence, *id.* ("less weight because she is not a resident of the Northern District"), or on the parties' "contacts with the forum, including those relating to [her] cause of action." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

Dated: November 14, 2026

Respectfully submitted,

/s/ kai

KAI, also known as Chi, Plaintiff *pro se*

`Assisted-by: Claude Fable 5.2 via Claude Code`