kai
200 E Liberty St Lbby Unit 7760
Ann Arbor MI 48107
M: Nadja Yang <nadja@njy.dev>
C: tel:332.203.3124
also known as Chi, Plaintiff *pro se*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

San Francisco Division

| | |
|---|---|
| CHI,<br>*Plaintiff,*<br>v.<br>REGENTS OF THE UNIVERSITY OF MICHIGAN,<br>*Defendant.* | Case No. 3:26-cv-11021-EMC<br>The Honorable Edward M. Chen<br>**PLAINTIFF'S SUPPLEMENTAL NOTICE OF PENDING PRELIMINARY INJUNCTION APPEAL**<br>Fed. R. App. P. 3(d)(1)<br>9th Cir. R. 3-3(a), 10-1 |

Plaintiff Chi, also known as kai and as Nadja Yang, gives notice, for the convenience of this Court and of the Clerk, that her preliminary injunction appeal to the United States Court of Appeals for the Ninth Circuit has been pending since November 13, 2026. ECF No. 21. Beginning with the order appealed from, the docket reads:

| | | |
|---|---|---|
| 11/13/2026 | 19 | ORDER Transferring Case. Signed by Judge Edward M. Chen on 11/13/2026. (emclc2, COURT STAFF) (Filed on 11/13/2026) Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF) (Entered: 11/13/2026) |
| 11/13/2026 | 20 | NOTICE by Regents of the University of Michigan re 18 Response ( Non Motion ), 17 Response to Order to Show Cause Amended Certificate of Service (Poyer, Amy) (Filed on 11/13/2026) (Entered: 11/13/2026) |
| 11/13/2026 | 21 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Nadja Yang. Appeal of Order, 19 (Appeal fee FEE NOT PAID.) PRELIMINARY INJUNCTION APPEAL. 28 U.S.C. § 1292(a)(1); 9th Cir. R. 3-3(a). (Yang, Nadja) (Filed on 11/13/2026) (Entered: 11/13/2026) |
| 11/14/2026 | 22 | NOTICE by Nadja Yang re 21 Notice of Appeal to the Ninth Circuit, Plaintiff's Certificate That No Transcript Will Be Ordered and Statement of the Issues. Fed. R. App. P. 10(b)(1)(B), (b)(3)(A); 9th Cir. R. 3-3(b), 10-3.1(a). (Yang, Nadja) (Filed on 11/14/2026) (Entered: 11/14/2026) |
| 11/16/2026 | | ***Civil Case Terminated. (vla, COURT STAFF) (Filed on 11/16/2026) (Entered: 11/16/2026) |

The appeal is an "appeal permitted by law as of right." Fed. R. App. P. 3(a)(1); 28 U.S.C. § 1292(a)(1). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." ECF No. 21, at 2 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)). That is "a clear background principle prescribed by [the Supreme] Court's precedents" and "a longstanding tenet of American procedure." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023). It "requires an automatic stay of district court proceedings that relate to any aspect of the case involved in the appeal," and "Congress need not say anything about a stay." *Id.* at 744.

The aspects of the case involved in this appeal are stated in the Plaintiff's statement of "the issues that the appellant intends to present on the appeal." Fed. R. App. P. 10(b)(3)(A); ECF No. 22. The first is whether this Court erred in refusing the preliminary injunction "by transferring the civil action under 28 U.S.C. § 1404(a) to the Eastern District of Michigan" and "directing the Clerk 'to effectuate the transfer and administratively close the file.'" ECF No. 22, at 2 (quoting ECF No. 19, at 5). Both have been stayed since November 13, 2026. The entry of November 16, 2026 purports to terminate the civil case. "Once a party properly appeals something a district court has done—here, the effective denial of a preliminary injunction—the district court has zero jurisdiction to do anything that alters the case's status." *In re Fort Worth Chamber of Commerce*, No. 24-10266, slip op. at 2, 100 F.4th 528 (5th Cir. May 3, 2024), https://www.ca5.uscourts.gov/opinions/pub/24/24-10266-CV1.pdf. There the district court had transferred the case while a preliminary injunction appeal was pending, and the United States Court of Appeals for the Fifth Circuit ordered it "to reopen the case and to give notice to D.D.C. that its transfer was without jurisdiction and should be disregarded." *Id.*, slip op. at 14.

The docket does not yet record that the notice of appeal has been sent to the Court of Appeals. The Plaintiff assumes that it has been or is being sent, and sets out the

governing rules for ease of reference. “The clerk must promptly send a copy of the notice of appeal and of the docket entries—and any later docket entries—to the clerk of the court of appeals named in the notice.” Fed. R. App. P. 3(d)(1). “Every notice of appeal from an interlocutory order . . . refusing . . . a preliminary injunction . . . shall bear the caption ‘PRELIMINARY INJUNCTION APPEAL.’ Immediately upon filing, the notice of appeal must be transmitted by the district court clerk’s office to the Court of Appeals clerk’s office.” 9th Cir. R. 3-3(a). “When the notice of appeal is filed in the district court, the clerk of the district court shall immediately transmit the notice to the Court of Appeals.” 9th Cir. R. 10-1. The notice of appeal bears that caption. ECF No. 21, at 1. The filing to which “[i]mmediately upon filing” refers occurred on November 13, 2026. The court of appeals named in the notice is the United States Court of Appeals for the Ninth Circuit. *Id.* at 2. The same rule sets the schedule: “Within 28 days of the docketing in the district court of a notice of appeal from an order specified in subparagraph (a), the appellant shall file an opening brief and excerpts of record.” 9th Cir. R. 3-3(b). The Plaintiff’s opening brief is due on December 11, 2026, in an appeal that the circuit clerk “must docket” “[u]pon receiving the copy of the notice of appeal and the docket entries from the district clerk.” Fed. R. App. P. 12(a).

Of a duty prescribed in such terms the Supreme Court said:

> This is not a proceeding which may be varied, if the judgment of the executive shall suggest one more eligible; but is a precise course accurately marked out by law, and is to be strictly pursued. It is the duty of the secretary of state to conform to the law, and in this he is an officer of the United States, bound to obey the laws. He acts, in this respect, as has been very properly stated at the bar, under the authority of law, and not by the instructions of the President. It is a ministerial act which the law enjoins on a particular officer for a particular purpose.

*Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 158 (1803).

Dated: November 17, 2026

Respectfully submitted,

/s/ kai

KAI, also known as Chi, Plaintiff *pro se*

Assisted-by: Claude Fable 5.2 via Claude Code