RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS
NOV 20 2026
FILED
DOCKETED
DATE INITIAL

No. ______________

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

*In re* KAI

---

KAI,

*Petitioner,*

*v.*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

*and*

CLERK OF THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT,

*Respondents,*

REGENTS OF THE UNIVERSITY OF MICHIGAN,

*Real Party in Interest.*

---

**On Petition for Writs of Mandamus**
**to the United States District Court**
**for the Northern District of California**
(No. 3:26-cv-11021-EMC, the Honorable Edward M. Chen)
**and to the Clerk of this Court**

---

# PETITION FOR WRITS OF MANDAMUS

kai
Petitioner *pro se*
200 E Liberty St Lbby Unit 7760
Ann Arbor MI 48107
Nadja Yang <nadja@njy.dev>
tel:332.203.3124

Petitioner kai, also known as Nadja Yang and as Chi, is the plaintiff in *Chi v. Regents of the University of Michigan*, No. 3:26-cv-11021-EMC (N.D. Cal.). "ECF No." refers to the docket of that case.

## Relief Sought

A writ of mandamus directing the United States District Court for the Northern District of California (1) to send the notice of appeal filed on November 13, 2026, ECF No. 21, and the docket entries to the Clerk of this Court, to the extent that it has not sent them, Fed. R. App. P. 3(d)(1); 9th Cir. R. 3-3(a), 10-1; (2) to reopen the case, to the extent that it purports to have been closed under the direction to "administratively close the file," ECF No. 19, at 5; and (3) to give notice to the United States District Court for the Eastern District of Michigan, by email, that the "Email sent to transfer the case to the Eastern District of Michigan per Order 19" was sent without jurisdiction and should be disregarded. 28 U.S.C. § 1651(a).

A writ of mandamus directing the Clerk of this Court to docket the appeal. Fed. R. App. P. 12(a), 21(c); 28 U.S.C. § 1651(a).

Costs, against the United States and against Real Party in Interest Regents of the University of Michigan. 28 U.S.C. §§ 1920(1), 2412(a)(1); Fed. R. App. P. 21(a)(1), (a)(3), 39(d), (e)(1)(B), (C).

## Issues Presented

1. Whether a district court whose "Order Transferring Case" refusing a preliminary injunction is on appeal to this Court may terminate the case and send an email "to transfer the case to the Eastern District of Michigan."

2. Whether an appeal whose notice the district clerk "must promptly send" to this Court, and which "the circuit clerk must docket," Fed. R. App. P. 3(d)(1), 12(a), may go undocketed because the appellant has been told by telephone that the case "was transferred to Michigan" and "Michigan will deal with it."

## Facts

The Petitioner is "an undergraduate student of the University of Michigan, registered for the Fall 2026 academic term, studying in the honors mathematics program." ECF No. 1 ¶ 4. Her complaint, filed in the district court on September 28, 2026, begins:

> On July 31, 2026 the Plaintiff requested from the University of Michigan, under Michigan's "freedom of information act," 1976 Mich. Pub. Acts No. 442, Mich. Comp. Laws § 15.231 *et seq.*, "[a]ll engagement letters, retention agreements, amendments, rate schedules, and outside-counsel guidelines between the University of Michigan (including its Regents and its Office of the Vice President and General Counsel) and the law firm Barnes & Thornburg LLP"; "[a]ll invoices, billing statements, fee statements, and statements of account submitted by Barnes & Thornburg LLP to the University . . . concerning any of the following matters, or any related proceeding," four matters

> identified by their docket numbers in [the district court] and in the Bankruptcy Court of [its] District; and "[a]ll records of payment, payment vouchers, disbursement records, and payment approvals corresponding to the invoices described in item 2." On August 24, 2026 the University of Michigan, by Tracey Piercecchi, its "FOIA Coordinator," denied the request in its entirety under Mich. Comp. Laws § 15.243(1)(v), which exempts "[r]ecords or information relating to a civil action in which the requesting party and the public body are parties."

ECF No. 1 ¶ 1. Section 15.243(1)(v) is section 13(1)(v) of 1976 Mich. Pub. Acts No. 442, as amended by 2023 Mich. Pub. Acts No. 64, and section 13(1) lists what "[a] public body may exempt from disclosure as a public record under this act." The complaint alleges that the exemption "sorts the beneficiaries of 1976 Mich. Pub. Acts No. 442, transparently, by their exercise of the right to petition," ECF No. 1 ¶ 34, and states 2 counts, *id.* ¶ 3:

> Count I challenges Mich. Comp. Laws § 15.243(1)(v) on its face under the First and Fourteenth Amendments, through 42 U.S.C. § 1983, and seeks a declaration of its invalidity, an injunction against its application to the Plaintiff, and nominal damages of $0.67. Count II, accordingly, under the "remaining portions" of 1976 Mich. Pub. Acts No. 442, Mich. Comp. Laws § 8.5, charges the Regents of the University of Michigan with an arbitrary and capricious denial and seeks an injunction against the application of Mich. Comp. Laws § 15.243(1)(v) to the Plaintiff's requests, an order to cease withholding and to produce the records, punitive damages of $1,000.00, and civil fines of $1,000.00 and of not less than $2,500.00 nor more than $7,500.00 for the denial, payable to the general fund of the state treasury. Mich. Comp. Laws §§ 15.240(4), (7), 15.240b.

On October 1, 2026, she wrote to the University of Michigan that she "intend[ed] to move for a preliminary injunction"; that, "[i]n the interest of conserving the resources of the Court and of the parties," she "propose[d] instead a stipulated order under which, pending the final disposition of the action, including any appeal, the Regents of the University of Michigan will not invoke Mich. Comp. Laws § 15.243(1)(v) in responding to requests under the Freedom of Information Act, 1976 Mich. Pub. Acts No. 442, and will process this request, the University's Request 270260, on that basis"; and that she "would be grateful for the University's position by October 8, 2026." ECF No. 12-1, at 7. On October 14, 2026, the parties stipulated that the University, which appeared through Barnes & Thornburg LLP and "requires more time to evaluate its response to Plaintiff's Complaint," would have until November 27, 2026, to file one. ECF No. 10 ¶¶ 4–5.

On October 26, 2026, she moved to enjoin Regents of the University of Michigan "from invoking, applying, or relying upon Mich. Comp. Laws § 15.243(1)(v) to deny, in whole or in part, any request made by or on behalf of [her] under the Michigan Freedom of Information Act," and for an order that it "cease withholding, in reliance on § 15.243(1)(v), the public records responsive to [her] request of July 31, 2026." ECF No. 12, at 2. "Count I arises under section 1 of the Act of April 20, 1871, ch. 22, 17 Stat. 13, Rev. Stat. § 1979, 42 U.S.C. § 1983." *Id.* at 12

(footnote omitted). The motion was set for hearing before Judge Edward M. Chen on December 3, 2026, *id.* at 2, with "Responses due by 11/9/2026." ECF No. 12 (docket text).

The day after the motion was filed, October 27, 2026, Judge Chen ordered the Petitioner on his own motion "to show cause as to why this case should not be dismissed for lack of personal jurisdiction and/or improper venue, or at the very least why this case should not be transferred to the Eastern District of Michigan pursuant to § 1404(a)," and allowed the University of Michigan "until November 12, 2026, to file a response." ECF No. 14, at 2. No party had asked that the case be dismissed or transferred, and the order does not mention the motion.

The Petitioner responded on November 3, 2026, and asked that the order be discharged "and the motion for a preliminary injunction heard as set"; that the action, were venue found improper, "be dismissed under 28 U.S.C. § 1406(a) rather than transferred, so that the question may be reviewed by the United States Court of Appeals for the Ninth Circuit"; and that an order of transfer under § 1404(a), should there be one, "be stayed for a period sufficient to permit a petition for a writ of mandamus, 28 U.S.C. § 1651(a), or be certified under 28 U.S.C. § 1292(b)." ECF No. 15, at 38.

No opposition to the motion had been filed by November 9, 2026, and the Petitioner filed her "Notice of Non-Opposition to Motion for

a Preliminary Injunction." ECF No. 16. On November 12, 2026, the University of Michigan filed "Defendant's Response in Opposition to Plaintiff's Notice of Non-Opposition," which states that "[t]he University opposes the motion for preliminary injunction," that, "[p]ursuant to the Court's order to show cause, . . . the University has first addressed the Court's personal jurisdiction and venue," and that, "[s]hould the Court make the prerequisite findings that it has personal jurisdiction over the University and that venue is proper, the University will address the merits of Ms. Yang's preliminary injunction motion." ECF No. 18, at 1–2.

In its response to the order to show cause, filed the same day, the University asked Judge Chen to dismiss the case and, failing that, to "transfer the case to the Eastern District of Michigan," ECF No. 17, at 2, and stated that decisions holding it "subject to Eleventh Amendment immunity" "would presumptively preclude Ms. Yang's 42 U.S.C. § 1983 claim," an argument that it "will present . . . in full should the Court find that it has personal jurisdiction and venue is proper." *Id.* at 4 n.2 (citing "*Est. of Riter* [*sic*] *v. Univ. of Mich.*, 851 F.2d 846, 851 (6th Cir. 1988)").

The next day, November 13, 2026, Judge Chen entered his "Order Transferring Case." ECF No. 19. The order does not rule on the motion. "The Court, however, need not rule dispositively on personal jurisdiction (or venue)." *Id.* at 3 (footnote omitted). It finds that "the person(s) responsible for making the decision to decline production of records likely

resides in the Eastern District," *id.* at 4, a showing the University had not made. "The fact that Ms. Yang has filed a motion for a preliminary injunction in this District does not dictate whether or not there is a transfer. Nothing prevents Ms. Yang from seeking such relief with the court in the Eastern District of Michigan." *Id.*

The order denies the stay, on the authority that mandamus "is available to compel a federal official to perform a duty only if (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt[;] and (3) no other adequate remedy is available." ECF No. 19, at 4–5 (quoting *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997)). It ends: "The Clerk of the Court is directed to effectuate the transfer and administratively close the file in this case." *Id.* at 5.

The Petitioner appealed to this Court the same day from the "Order Transferring Case," as "an interlocutory order 'refusing' the preliminary injunction." ECF No. 21, at 2 (quoting 28 U.S.C. § 1292(a)(1)). Her notice is captioned "PRELIMINARY INJUNCTION APPEAL." *Id.* at 1. The next day she filed her statement of the issues, the first of which is whether the district court erred in refusing the injunction "by transferring the civil action under 28 U.S.C. § 1404(a) to the Eastern District of Michigan" and "directing the Clerk 'to effectuate the transfer and administratively close the file.'" ECF No. 22, at 2.

On November 17, 2026, after the district court's clerk had entered "Civil Case Terminated," she gave notice, "for the convenience of [the district court] and of the Clerk, that her preliminary injunction appeal to the United States Court of Appeals for the Ninth Circuit has been pending since November 13, 2026," that the transfer and the closing of the file "have been stayed since November 13, 2026," and that "[t]he entry of November 16, 2026 purports to terminate the civil case." ECF No. 23, at 2–3. In the same paper "[t]he Plaintiff assumes that [the notice of appeal] has been or is being sent" to this Court, "and sets out the governing rules for ease of reference." *Id.* at 3–4.

On November 18, 2026, at 12:40 Eastern Standard Time, the Petitioner telephoned this Court's main telephone number, (415) 355-8000, pressed 1 "[f]or questions about case status, filing deadlines, or other case information," and asked about the appeal. The person who answered took the district court's number and the date of the notice, searched, and said, "I'll have to check because I don't see it in our system," and, of a call back in "an hour or so," that he was "trying to find out where it's at." The call lasted 5 minutes 54 seconds.

She called again at 13:34 and pressed 1. "Oh, that's for that, the Yang case," she was told. "Yeah, that case was transferred to Michigan. We're not going to deal with it." She said that the appeal had been filed before the transfer. "It was not a preliminary injunction appeal either," he said, and,

when she asked what he had said, "That's what was told to me," and that "we're not going to deal with" it "because it was transferred to Michigan. Michigan will deal with it." She asked for an email saying so. "We don't —," he said. "I was just told that . . . we're not going to . . . because it was transferred to Michigan, and that court will deal with it." He gave no name and did not say who had told him. The call lasted 2 minutes 8 seconds.

Beginning with the order appealed from, the docket reads:

| | | |
|---|---|---|
| 11/13/2026 | 19 | **ORDER Transferring Case. Signed by Judge Edward M. Chen on 11/13/2026. (emclc2, COURT STAFF) (Filed on 11/13/2026)**<br>**Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF)**<br>**(Entered: 11/13/2026)** |
| 11/13/2026 | 20 | NOTICE by Regents of the University of Michigan re 18 Response ( Non Motion ), 17 Response to Order to Show Cause *Amended Certificate of Service* (Poyer, Amy) (Filed on 11/13/2026) (Entered: 11/13/2026) |
| 11/13/2026 | 21 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Nadja Yang. Appeal of Order, 19 (Appeal fee FEE NOT PAID.) *PRELIMINARY INJUNCTION APPEAL. 28 U.S.C. § 1292(a)(1); 9th Cir. R. 3-3(a).* (Yang, Nadja) (Filed on 11/13/2026) (Entered: 11/13/2026) |
| 11/14/2026 | 22 | NOTICE by Nadja Yang re 21 Notice of Appeal to the Ninth Circuit, *Plaintiff's Certificate That No Transcript Will Be Ordered and Statement of the Issues. Fed. R. App. P. 10(b)(1)(B), (b)(3)(A);* |

| | | |
|---|---|---|
| | | *9th Cir. R. 3-3(b), 10-3.1(a).* (Yang, Nadja) (Filed on 11/14/2026) (Entered: 11/14/2026) |
| 11/16/2026 | | ***Civil Case Terminated. (vla, COURT STAFF) (Filed on 11/16/2026) (Entered: 11/16/2026) |
| 11/17/2026 | 23 | NOTICE by Nadja Yang re 19 Order, 21 Notice of Appeal to the Ninth Circuit, 22 Notice (Other), *Plaintiff's Supplemental Notice of Pending Preliminary Injunction Appeal. Fed. R. App. P. 3(d)(1); 9th Cir. R. 3-3(a), 10-1.* (Yang, Nadja) (Filed on 11/17/2026) (Entered: 11/17/2026) |
| 11/17/2026 | | Remark: Email sent to transfer the case to the Eastern District of Michigan per Order 19 . (mbc, COURT STAFF) (Filed on 11/17/2026) (Entered: 11/17/2026) |

As of 16:00 Eastern Standard Time on November 18, 2026, the docket had no later entry. No entry recorded a ruling on the motion, and none recorded the docketing of the appeal in this Court.

## Reasons Why the Writ Should Issue

### The appeal

The appeal is "permitted by law as of right." Fed. R. App. P. 3(a)(1). "[T]he courts of appeals shall have jurisdiction of appeals from . . . [i]nterlocutory orders of the district courts of the United States . . . refusing . . . injunctions . . . ." 28 U.S.C. § 1292(a)(1). "Appellate courts have jurisdiction to review interlocutory orders that have 'the practical effect of refusing an injunction.'" *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (per curiam) (quoting *Carson v. American Brands, Inc.*, 450 U.S. 79, 84 (1981)).

"Although our interim orders are not conclusive as to the merits, they inform how a court should exercise its equitable discretion in like cases." *Trump v. Boyle*, 606 U.S. 989, 989 (2025) (miscellaneous order granting application for stay). "Ultimately, 'we must grant or deny.'" ECF No. 21, at 2 (quoting Pl.'s Resp. to Order to Show Cause at 24, ECF No. 15 (quoting *Trump v. Cook*, 609 U.S. 528, 550 n.3 (2026) (quoting *Trump v. CASA, Inc.*, 606 U.S. 831, 874 (2025) (Kavanaugh, J., concurring)))). "The order does not grant the injunction." *Id.* It leaves the Petitioner to seek "such relief with the court in the Eastern District of Michigan," ECF No. 19, at 4, and directs the Clerk "to effectuate the transfer and administratively close the file." *Id.* at 5.

"In an appeal from a preliminary injunction, we will also review . . . a transfer order made under 28 U.S.C. § 1404(a) . . . ." *Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987) (citations omitted). The notice was filed before any docketing in Michigan, so "this court had already acquired appellate jurisdiction before the transfer was effective," and that jurisdiction "is not terminated by the subsequent completion of a section 1404 transfer." *Id.* The appeal is taken "[f]rom a district court of the United States to the court of appeals for the circuit embracing the district," 28 U.S.C. § 1294(1), and the circuit embracing the Northern District of California is the ninth, as the circuit embracing Michigan is the sixth. *Id.* § 41. The Petitioner's opening brief is due on December 11, 2026.

9th Cir. R. 3-3(b) ("Within 28 days of the docketing in the district court of a notice of appeal"), *quoted in* ECF No. 23, at 4.

**The stay**

A notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam), *quoted in* ECF No. 21, at 2. "The only thing that is accomplished by a proper notice of appeal is to transfer jurisdiction of a case from a district court to a court of appeals," and jurisdiction "cannot float in the air." *Ruby v. Secretary of United States Navy*, 365 F.2d 385, 388 (9th Cir. 1966) (en banc). The rule is "a clear background principle prescribed by [the Supreme] Court's precedents" and "a longstanding tenet of American procedure," which "requires an automatic stay of district court proceedings that relate to any aspect of the case involved in the appeal"; "Congress need not say anything about a stay." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740, 744 (2023), *quoted in* ECF No. 23, at 3. The aspects of the case involved in this appeal are the transfer and the closing of the file. ECF No. 22, at 2. "Both have been stayed since November 13, 2026." ECF No. 23, at 3.

**The entries**

Since November 13, 2026, the district court's clerk has entered "Civil Case Terminated" and "Email sent to transfer the case to the Eastern

District of Michigan per Order 19." Order 19 is the Order Transferring Case, the order on appeal, and the district court had no control over the transfer or the closing of the file when either entry was made. *See also In re Fort Worth Chamber of Commerce*, No. 24-10266, slip op. at 2, 100 F.4th 528 (5th Cir. May 3, 2024), https://www.ca5.uscourts.gov/opinions/pub/24/24-10266-CV1.pdf ("Once a party properly appeals something a district court has done—here, the effective denial of a preliminary injunction—the district court has zero jurisdiction to do anything that alters the case's status."), *quoted in* ECF No. 23, at 3.

**The writ**

Mandamus is "a command . . . directed to any person, corporation, or inferior court of judicature . . . requiring them to do some particular thing therein specified, which appertains to their office and duty." *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 168 (1803) (quoting 3 William Blackstone, *Commentaries* *110). A court of appellate jurisdiction issues it where it is "necessary to enable them to exercise appellate jurisdiction," *id.* at 175, and this Court "may issue all writs necessary or appropriate in aid of" its jurisdiction. 28 U.S.C. § 1651(a).

"In the rare instance where the district court proceeds with a case under the mistaken belief that a notice of appeal is inoperative, the appellant may apply to the court of appeals for a writ of prohibition." *Ruby*, 365 F.2d at 389. *See also Fort Worth Chamber*, slip op. at 14

(granting a writ of mandamus and ordering the district court "to reopen the case and to give notice to D.D.C. that its transfer was without jurisdiction and should be disregarded"), *quoted in* ECF No. 23, at 3; *NBS Imaging Systems, Inc. v. United States District Court*, 841 F.2d 297, 298 (9th Cir. 1988) (order) ("this court has previously ordered a district court in this circuit to request the transferee court to return the case"). The district court has shown that it can send an email to the Eastern District of Michigan, and "[n]othing prevents" it from sending a second. *Cf.* ECF No. 19, at 4 ("Nothing prevents Ms. Yang from seeking such relief with the court in the Eastern District of Michigan.").

**The clerks**

The Petitioner filed her notice of appeal "with the district clerk" on November 13, 2026. Fed. R. App. P. 3(a)(1); ECF No. 21. From that point the Rules assign to clerks every act that brings an appeal to the docket of this Court. "The clerk must promptly send a copy of the notice of appeal and of the docket entries—and any later docket entries—to the clerk of the court of appeals named in the notice." Fed. R. App. P. 3(d)(1). In a preliminary injunction appeal, "[i]mmediately upon filing, the notice of appeal must be transmitted by the district court clerk's office to the Court of Appeals clerk's office," 9th Cir. R. 3-3(a), and in every appeal "the clerk of the district court shall immediately transmit the notice to the Court of Appeals." 9th Cir. R. 10-1. "Upon receiving the copy of the notice of

appeal and the docket entries from the district clerk under Rule 3(d), the circuit clerk must docket the appeal under the title of the district-court action and must identify the appellant, adding the appellant's name if necessary." Fed. R. App. P. 12(a). And if a notice "is mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it was received and send it to the district clerk." Fed. R. App. P. 4(d). The words are "must," "must," "shall," "must," "must," and "must." Of a duty prescribed in such terms the Supreme Court said:

> This is not a proceeding which may be varied, if the judgment of the executive shall suggest one more eligible; but is a precise course accurately marked out by law, and is to be strictly pursued. It is the duty of the secretary of state to conform to the law, and in this he is an officer of the United States, bound to obey the laws. He acts, in this respect, as has been very properly stated at the bar, under the authority of law, and not by the instructions of the President. It is a ministerial act which the law enjoins on a particular officer for a particular purpose.

*Marbury*, 5 U.S. (1 Cranch) at 158, *quoted in* ECF No. 23, at 4.

The words on the telephone were "[w]e're not going to deal with it." "It is not by the office of the person to whom the writ is directed, but the nature of the thing to be done that the propriety or impropriety of issuing a mandamus, is to be determined." *Marbury*, 5 U.S. (1 Cranch) at 170. Where an officer "is directed by law to do a certain act affecting the absolute rights of individuals, . . . as for example, to record a commission, or a patent for land, which has received all the legal solemnities; . . . it is not perceived on what ground the courts of the country are further

excused from the duty of giving judgment, that right be done to an injured individual, than if the same services were to be performed by a person not the head of a department." *Id.* at 171. "It is the essential criterion of appellate jurisdiction, that it revises and corrects the proceedings in a cause already instituted, and does not create that cause." *Id.* at 175. The cause was instituted on September 28, 2026, ECF No. 1, and the appeal was taken on November 13, 2026. ECF No. 21. "Mandamus unquestionably is the proper remedy where the appeal is refused, and it is an appropriate remedy to compel the production of the transcript." *United States v. Gomez*, 70 U.S. (3 Wall.) 752, 766 (1866); *see id.* at 764 ("the contumacy of the clerk").

This Court "may appoint a clerk who shall be subject to removal by the court," 28 U.S.C. § 711(a), and "[t]he clerk of each court and his deputies and assistants shall exercise the powers and perform the duties assigned to them by the court." *Id.* § 956. This Court has assigned its Clerk the duties "set forth in FRAP 45," 9th Cir. R. 25-1, among them to "maintain a docket," Fed. R. App. P. 45(b)(1), and apparently to answer option 1 at its main telephone number "[f]or questions about case status, filing deadlines, or other case information," and presumably not "[t]he judicial Power of the United States." U.S. Const. art. III, § 1. Whether an order has "the practical effect of refusing an injunction," *A.A.R.P.*, 605 U.S. at 94 (quoting *Carson*, 450 U.S. at 84), was answered

on November 18, 2026, by whoever answers option 1: "It was not a preliminary injunction appeal either."

Judge Chen has stated when the writ is available "to compel a federal official to perform a duty." ECF No. 19, at 4–5. The Petitioner's "claim is clear and certain": the notice is on the docket. The "duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt": the words are "must" and "shall." And "no other adequate remedy is available": an appeal "may be taken only by filing a notice of appeal with the district clerk," Fed. R. App. P. 3(a)(1), and the Petitioner has filed it.

**Costs**

Costs "as enumerated in section 1920 of this title . . . may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." 28 U.S.C. § 2412(a)(1); *see* Fed. R. App. P. 39(d). A writ that compels "a federal official to perform a duty," ECF No. 19, at 4, is such an action. *See Armster v. United States District Court*, 817 F.2d 480, 482, 484 (9th Cir. 1987) (concluding that petitioners for a writ of mandamus to a district court were "prevailing parties," and not deciding "whether the district court is an entity against which attorney's fees may be recovered"). The costs enumerated include "[f]ees of the clerk," 28 U.S.C. § 1920(1), and the petition is docketed "[u]pon receiving the prescribed docket fee." Fed.

R. App. P. 21(a)(3); *see* Fed. R. App. P. 39(e)(1)(B), (C). Regents of the University of Michigan is a respondent "for all purposes." Fed. R. App. P. 21(a)(1). It asked Judge Chen for the transfer. ECF No. 17, at 2, 13.

The writ should issue.

Dated: November 18, 2026

Respectfully submitted,

/s/ kai

KAI, Petitioner *pro se*

---

Assisted-by: Claude Fable 5.2 via Claude Code

**Declaration**

I declare under penalty of perjury that the account in this petition of the telephone calls of November 18, 2026, is true and correct. 28 U.S.C. § 1746. Executed on November 18, 2026.

Dated: November 18, 2026

/s/ kai

KAI, Petitioner *pro se*

## Statement of Related Cases

9th Cir. R. 21-3, 28-2.6. The Petitioner's appeal, noticed on November 13, 2026, from the Order Transferring Case in *Chi v. Regents of the University of Michigan*, No. 3:26-cv-11021-EMC (N.D. Cal.), ECF No. 21, arises out of the same case in the district court. 9th Cir. R. 28-2.6(a).

## Certificate of Compliance

The petition complies with the type-volume limitation. Fed. R. App. P. 21(d)(1), 32(g)(1). It contains 4,511 words. Fed. R. App. P. 32(f); Typst 0.15.1, https://github.com/NixOS/nixpkgs/blob/c7def046b9a883d4697475785210 6483d741586f/pkgs/by-name/ty/typst/package.nix#L14-L15. It is 18 pages long. 9th Cir. R. 21-2(c). It is set in 14-point TeX Gyre Schola, a serifed proportional face. Fed. R. App. P. 32(a)(5)(A); https://github.com/NixOS/nixpkgs/blob/c7def046b9a883d4697475785210 6483d741586f/pkgs/by-name/gy/gyre-fonts/package.nix#L8-L16.

Dated: November 18, 2026

/s/ kai
KAI, Petitioner *pro se*

## Appendix

Fed. R. App. P. 21(a)(2)(C). The appendix to be filed with the petition in the United States Court of Appeals for the Ninth Circuit consists of copies of ECF Nos. 19, 21, 22, and 23.

## Proof of Service on the Clerk of this Court

Fed. R. App. P. 21(c), 25(d). The petition is served on Respondent Clerk of the United States Court of Appeals for the Ninth Circuit by filing it with the Clerk. *See supra* pp. 1–18.

No. 3:26-cv-11021-EMC
The Honorable Edward M. Chen

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

---

CHI,

*Plaintiff,*

*v.*

REGENTS OF THE UNIVERSITY OF MICHIGAN,

*Defendant.*

---

**PLAINTIFF'S NOTICE OF PETITION**
**FOR WRITS OF MANDAMUS**
Fed. R. App. P. 21(a)(1), (b)(4)

---

Plaintiff Chi, also known as kai and as Nadja Yang, gives notice of her petition to the United States Court of Appeals for the Ninth Circuit for writs of mandamus directed to this Court and to the Clerk of the Court of Appeals. Attachment 1, Petition for Writs of Mandamus, *In re kai* (9th Cir.) ("Pet."). Such a petition "may not bear the name of the judge as respondent in the caption," 9th Cir. R. 21-2(a), and in place of the Honorable Edward M. Chen the petition names the "United States District Court for the Northern District of California," with the "Clerk of the United States Court of Appeals for the Ninth Circuit," as respondents. Pet. cover.

"A party petitioning for a writ of mandamus or prohibition directed to a court must file the petition with the circuit clerk and serve it on all

parties to the proceeding in the trial court. The party must also provide a copy to the trial-court judge. All parties to the proceeding in the trial court other than the petitioner are respondents for all purposes." Fed. R. App. P. 21(a)(1). The petition is Attachment 1 to this notice. "Upon the filing of a document by a party, the ECF system will send to the registered attorneys for all parties in the case a Notice of Electronic Filing, which constitutes service on the receiving party." Civil L.R. 5-1(h)(1). The appendix to the petition "consists of copies of ECF Nos. 19, 21, 22, and 23," Pet. 19, numbers that refer to the docket of this case.

"The court of appeals may invite or order the trial-court judge to address the petition or may invite an amicus curiae to do so. The trial-court judge may request permission to address the petition but may not do so unless invited or ordered to do so by the court of appeals." Fed. R. App. P. 21(b)(4).

Dated: November 18, 2026

Respectfully submitted,
/s/ kai
KAI, also known as Chi, Plaintiff *pro se*
200 E Liberty St Lbby Unit 7760
Ann Arbor MI 48107
Nadja Yang <nadja@njy.dev>
tel:332.203.3124

---

Assisted-by: Claude Fable 5.2 via Claude Code

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADJA YANG,<br>Plaintiff,<br>v.<br>REGENTS OF THE UNIVERSITY OF MICHIGAN,<br>Defendant. | Case No. 26-cv-11021-EMC<br>**ORDER TRANSFERRING CASE**<br>Docket Nos. 14-15, 17 |

Previously, the Court issued an order directing Plaintiff Nadja Yang to show cause as to why her case should not be dismissed for lack of personal jurisdiction and/or improper venue, or at the very least why the case should not be transferred to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). The Court also gave Defendant the Regents of the University of Michigan an opportunity to file a response to Ms. Yang's filing. Having considered the papers submitted, the Court hereby **TRANSFERS** the case at bar to the Eastern District of Michigan.

## I. BACKGROUND

Ms. Yang is an undergraduate student at the University of Michigan. She admits that she resides in Michigan. *See* Pl.'s Resp. at 36. Ms. Yang initiated a Chapter 7 bankruptcy in the Northern District of California. The University appears to be a creditor of Ms. Yang. The bankruptcy court has dismissed her case for improper venue. *See In re Yang*, No. 26-30507 WJL (N.D. Cal. Bankr. Ct.). Ms. Yang is contesting that ruling. *See, e.g.*, *In re Yang*, No. C-26-7302 WHO (N.D. Cal.); *Yang v. Regents of the Univ. of Mich.*, No. C-26-7259 WHO (N.D. Cal.).

///

///

United States District Court
Northern District of California

Ms. Yang filed the instant case after the University denied her request for certain records pursuant to the Michigan Freedom of Information Act ("FOIA"). Ms. Yang had sought records related about "the terms on which the University of Michigan retained outside counsel [Barnes & Thornburg LLP] and the amounts [the University] disbursed to [counsel in conjunction with the bankruptcy proceedings involving Ms. Yang]." Compl. ¶ 29; see also Compl. ¶ 23. In declining to produce any records, the University cited an exemption for disclosure for "records or information relating to a civil action in which the requesting party and the public body are parties." Compl. ¶ 25 (internal quotation marks omitted). In the case at bar, Ms. Yang contends that the exemption provision on which the University relied violates the First and Fourteenth Amendments. She also argues that the University's denial was improper under Michigan's FOIA.

## II. DISCUSSION

The Court continues to have serious doubt as to whether there is personal jurisdiction over the Regents. Ms. Yang has failed to establish that the Regents are "essentially at home" in California, and thus general jurisdiction is lacking. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks omitted); *cf. id.* at 137 (noting that, for a corporation, "the place of incorporation and principal place of business are paradig[m] bases for general jurisdiction") (internal quotation marks omitted). As for specific jurisdiction, a critical element is that "[t[he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "It is 'insufficient to rely on a defendant's random, fortuitous, or attenuated contacts or on the unilateral activity of a plaintiff with the forum to establish specific jurisdiction.'" *United States Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 150 (2d Cir. 2019). Here, the Regent's contacts with California are attenuated and, if anything, based on the unilateral conduct of Ms. Yang – *i.e.*, she initiated the bankruptcy proceeding in California.

///

///

United States District Court
Northern District of California

The Court, however, need not rule dispositively on personal jurisdiction (or venue).[1] "[A] district court may . . . transfer an action pursuant to 28 U.S.C. [§] 1404(a), regardless of whether venue is proper or the transferring court has personal jurisdiction of the defendant." *Southard v. Kipper Tool Co.*, No. 3:15-cv-03621-JSC, 2023 U.S. Dist. LEXIS 188279, at *6 (N.D. Cal. Oct. 19, 2023); *see also Fort Knox Music, Inc. v. Baptiste*, 257 F.3d 108, 111 (2d Cir. 2001) (stating that "[t]he district court has this power to transfer venue [under § 1404(a)] even if it lacks personal jurisdiction over the defendants"); *cf. Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (in discussing transfer under § 1406(a) (instead of § 1404(a)), stating that "[t]he language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not").

Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404. There is no dispute that Ms. Yang could have brought her claims – including her claim for violation of Michigan's FOIA – in the Eastern District of Michigan where the University is based. Thus, the Court must now consider whether there is a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum" by considering private factors relating to "the convenience of parties and witnesses" and public factors relating to "the interest of justice." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The public and private factors the Court considers include:

///

///

///

---

[1] Ms. Yang's contention that venue is proper in the Northern District of California is based on 28 U.S.C. § 1391(b)(1) and (c)(2). *See* 28 U.S.C. § 1391(b)(1) (providing that "[a] civil action may be brought in . . . a judicial district in which any defendant resides"); *id.* § 1391(c)(2) (providing that "an entity with the capacity to sue and be sued . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question").

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

Taking into account the above factors, the Court concludes that a transfer to the Eastern District of Michigan is appropriate. While Ms. Yang has chosen the Northern District of California as her forum, her choice is afforded less weight because she is not a resident of the Northern District. *See Merrell v. Ralph Lauren Corp.*, No. 23-cv-06669-HSG, 2025 U.S. Dist. LEXIS 156030, at *7 (N.D. Cal. Aug. 12, 2025) (noting that, "where the plaintiff is not a resident of the chosen forum, '[their] choice of forum is entitled to less weight'"); *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009) (Illston, J.) (stating that, "[w]here a plaintiff does not reside in the forum, the Court may afford plaintiff's choice considerably less weight"). The convenience to the parties and the witnesses weighs in favor of the Eastern District of Michigan because both parties reside in Michigan and the person(s) responsible for making the decision to decline production of records likely resides in the Eastern District. While both this Court and the court in the Eastern District of Michigan have familiarity with constitutional law, the court in the Eastern District will have more familiarity with Michigan's FOIA. Michigan also has a greater interest in the parties' dispute to the extent Michigan's FOIA is at issue. The fact that Ms. Yang has filed a motion for a preliminary injunction in this District does not dictate whether or not there is a transfer. Nothing prevents Ms. Yang from seeking such relief with the court in the Eastern District of Michigan.

To the extent Ms. Yang has asked that this order be stayed so that she may file a petition for a writ of mandamus or a motion for an interlocutory appeal, *see* Pl.'s Resp. at 38, the request is denied. Ms. Yang has failed to establish that she is entitled to relief. *See Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997) ("Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt[;]

United States District Court
Northern District of California

and (3) no other adequate remedy is available."); 28 U.S.C. § 1292(b) (providing that a district court may certify for interlocutory review any nondispositive order that meets three criteria: (1) there is a controlling question of law upon which (2) there is a substantial ground for difference of opinion, and (3) the immediate appeal of the order will materially advance the ultimate termination of the litigation).

## III. CONCLUSION

For the foregoing reasons, the Court transfers the case at bar to the Eastern District of Michigan. The Clerk of the Court is directed to effectuate the transfer and administratively close the file in this case.

**IT IS SO ORDERED.**

Dated: November 13, 2026

EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

kai
200 E Liberty St Lbby Unit 7760
Ann Arbor MI 48107
M: Nadja Yang <nadja@njy.dev>
C: tel:332.203.3124
also known as Chi, Plaintiff *pro se*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

San Francisco Division

CHI,

*Plaintiff,*

v.

REGENTS OF THE UNIVERSITY OF MICHIGAN,

*Defendant.*

Case No. 3:26-cv-11021-EMC

The Honorable Edward M. Chen

**PLAINTIFF'S NOTICE OF APPEAL**

**PRELIMINARY INJUNCTION APPEAL**

28 U.S.C. § 1292(a)(1)

9th Cir. R. 3-3(a)

Plaintiff Chi, also known as kai and as Nadja Yang, appeals to the United States Court of Appeals for the Ninth Circuit from the order entered on November 13, 2026, ECF No. 19 ("Order Transferring Case"), an interlocutory order "refusing" the preliminary injunction for which she moved on October 26, 2026, ECF No. 12. 28 U.S.C. § 1292(a)(1).

"The University opposes the motion for preliminary injunction. . . . Should the Court make the prerequisite findings that it has personal jurisdiction over the University and that venue is proper, the University will address the merits of Ms. Yang's preliminary injunction motion." ECF No. 18, at 1–2. "The Court, however, need not rule dispositively on personal jurisdiction (or venue)." ECF No. 19, at 3 (footnote omitted). "The fact that Ms. Yang has filed a motion for a preliminary injunction in this District does not dictate whether or not there is a transfer. Nothing prevents Ms. Yang from seeking such relief with the court in the Eastern District of Michigan." *Id.* at 4.

"Ultimately, 'we must grant or deny.'" Pl.'s Resp. to Order to Show Cause at 24, ECF No. 15 (quoting *Trump v. Cook*, 609 U.S. 528, 550 n.3 (2026) (quoting *Trump v. CASA, Inc.*, 606 U.S. 831, 874 (2025) (Kavanaugh, J., concurring))). The order does not grant the injunction. *See A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (per curiam) ("Here the District Court's inaction—not for 42 minutes but for 14 hours and 28 minutes—had the practical effect of refusing an injunction . . . ."); *cf. Patel v. Reno*, 134 F.3d 929, 933 (9th Cir. 1997) (remanding "for the district court to order the consulate to either grant or deny the visa applications"), *cited in* ECF No. 19, at 4.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). "Because the question on appeal is whether the case belongs in arbitration or instead in the district court, the entire case is essentially 'involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023) (quoting *Griggs*, 459 U.S. at 58); *see id.* at 760 (Jackson, J., dissenting) ("Indeed, any appeal over

the proper forum for a dispute would arguably raise the same question."). "We adopt the docketing date as the time of effective transfer." *Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987).

Dated: November 13, 2026

Respectfully submitted,

/s/ kai

KAI, also known as Chi, Plaintiff *pro se*

Assisted-by: Claude Fable 5.2 via Claude Code

kai
200 E Liberty St Lbby Unit 7760
Ann Arbor MI 48107
M: Nadja Yang <nadja@njy.dev>
C: tel:332.203.3124
also known as Chi, Plaintiff *pro se*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

San Francisco Division

CHI,

*Plaintiff,*

v.

REGENTS OF THE UNIVERSITY OF MICHIGAN,

*Defendant.*

Case No. 3:26-cv-11021-EMC

The Honorable Edward M. Chen

**PLAINTIFF'S CERTIFICATE THAT NO TRANSCRIPT WILL BE ORDERED AND STATEMENT OF THE ISSUES**

Fed. R. App. P. 10(b)(1)(B), (b)(3)(A)

9th Cir. R. 3-3(b), 10-3.1(a)

Plaintiff Chi, also known as kai and as Nadja Yang, certifies that no transcript will be ordered. Fed. R. App. P. 10(b)(1)(B); 9th Cir. R. 10-3.1(a). There were no "oral proceedings in the district court." 9th Cir. R. 3-3(b).

On her appeal from the order entered on November 13, 2026, ECF No. 19, the Plaintiff intends to present these issues. Fed. R. App. P. 10(b)(3)(A); ECF No. 21.

1. Whether this Court erred in refusing the preliminary injunction for which the Plaintiff moved under Fed. R. Civ. P. 65(a), ECF No. 12, on claims that include a claim under Rev. Stat. § 1979, 42 U.S.C. § 1983, for the deprivation of "rights, privileges, or immunities secured by" the First and Fourteenth Amendments, Compl. ¶¶ 30–37, at 18–21, ECF No. 1, by transferring the civil action under 28 U.S.C. § 1404(a) to the Eastern District of Michigan, from which appeals "shall be taken" to the United States Court of Appeals for the Sixth Circuit, 28 U.S.C. §§ 41, 1294(1), and directing the Clerk "to effectuate the transfer and administratively close the file," ECF No. 19, at 5, without ruling on the motion, on the ground that "[n]othing prevents Ms. Yang from seeking such relief with the court in the Eastern District of Michigan." *Id.* at 4.
2. Whether Defendant Regents of the University of Michigan, when it denied the Plaintiff's request for records "under color of any statute . . . of any State," Rev. Stat. § 1979, 42 U.S.C. § 1983, on the ground of "a civil action in which the requesting party and the public body are parties," 1976 Mich. Pub. Acts No. 442, § 13(1)(v), as amended by 2023 Mich. Pub. Acts No. 64, Mich. Comp. Laws § 15.243(1)(v), where the "civil action[s]" to which the records relate are proceedings in this District, Compl. ¶¶ 23, 25, at 12–13, 15, ECF No. 1, formed a contact "that the 'defendant himself' creates with the forum State," *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)), or contacts "based on the unilateral conduct of Ms. Yang – i.e., she initiated the bankruptcy proceeding in California." ECF No. 19, at 2.
3. Whether the requirement that a defendant "purposefully avails himself of the privilege of conducting activities in the forum," ECF No. 19, at 2 (quoting

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)), is "due process of law," U.S. Const. amend. XIV, § 1, or a "'constitutional' restriction[] with no better source than the pen of Chief Justice Stone." Stephen E. Sachs, Pennoyer *Was Right*, 95 Tex. L. Rev. 1249, 1314 (2017); *see Fuld v. Palestine Liberation Organization*, 606 U.S. 1, 41 & n.3 (2025) (Thomas, J., concurring in judgment) ("During the *Lochner* era, . . . this Court began to determine that the Fourteenth Amendment restricts States' ability to adjudicate cases involving conduct beyond their borders."; "it may well be that the Due Process Clause of the Fifth Amendment should inform our understanding of parallel language in the Fourteenth Amendment"); Pl.'s Resp. to Order to Show Cause at 3–5, 17 & n.1, ECF No. 15.

4. Whether "the convenience of parties and witnesses," 28 U.S.C. § 1404(a), "weighs in favor of the Eastern District of Michigan because both parties reside in Michigan," ECF No. 19, at 4, where, as to Defendant Regents of the University of Michigan, "[f]or all venue purposes" an entity "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question," 28 U.S.C. § 1391(c), (c)(2), and this Court "need not rule dispositively on personal jurisdiction (or venue)," ECF No. 19, at 3; and where, as to the Plaintiff, "the *convenience* of the plaintiff is not important to the balancing process." *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *see In re Ralston Purina Co.*, 726 F.2d 1002, 1005 n.5 (4th Cir. 1984) ("courts have no call to save a plaintiff from himself"); *cf.* Pl.'s Resp. to Order to Show Cause at 25, ECF No. 15 ("[T]he transfer that § 1406(a) permits in place of dismissal . . . exists for the plaintiff's protection . . . . The Plaintiff does not ask for that 'protection.'" (citations omitted)).

5. Whether the "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum" is one that "[t]he defendant must make," *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986), *quoted in part in* ECF No. 19, at 3, *see Savage*, 611 F.2d at 279 ("Savage had the burden to justify by

particular circumstances that the transferor forum was inappropriate."), or one that this Court may make *sua sponte* on the ground that "the person(s) responsible for making the decision to decline production of records likely resides in the Eastern District," ECF No. 19, at 4; and whether the weight of the Plaintiff's choice turns on her residence, *id.* ("less weight because she is not a resident of the Northern District"), or on the parties' "contacts with the forum, including those relating to [her] cause of action." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

Dated: November 14, 2026

Respectfully submitted,

/s/ kai

KAI, also known as Chi, Plaintiff *pro se*

Assisted-by: Claude Fable 5.2 via Claude Code

kai
200 E Liberty St Lbby Unit 7760
Ann Arbor MI 48107
M: Nadja Yang <nadja@njy.dev>
C: tel:332.203.3124
also known as Chi, Plaintiff *pro se*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

San Francisco Division

CHI,

*Plaintiff,*

v.

REGENTS OF THE UNIVERSITY OF MICHIGAN,

*Defendant.*

Case No. 3:26-cv-11021-EMC

The Honorable Edward M. Chen

**PLAINTIFF'S SUPPLEMENTAL NOTICE OF PENDING PRELIMINARY INJUNCTION APPEAL**

Fed. R. App. P. 3(d)(1)

9th Cir. R. 3-3(a), 10-1

Plaintiff Chi, also known as kai and as Nadja Yang, gives notice, for the convenience of this Court and of the Clerk, that her preliminary injunction appeal to the United States Court of Appeals for the Ninth Circuit has been pending since November 13, 2026. ECF No. 21. Beginning with the order appealed from, the docket reads:

| | | |
|---|---|---|
| 11/13/2026 | 19 | ORDER Transferring Case. Signed by Judge Edward M. Chen on 11/13/2026. (emclc2, COURT STAFF) (Filed on 11/13/2026) Any non-CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF) (Entered: 11/13/2026) |
| 11/13/2026 | 20 | NOTICE by Regents of the University of Michigan re 18 Response ( Non Motion ), 17 Response to Order to Show Cause Amended Certificate of Service (Poyer, Amy) (Filed on 11/13/2026) (Entered: 11/13/2026) |
| 11/13/2026 | 21 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Nadja Yang. Appeal of Order, 19 (Appeal fee FEE NOT PAID.) PRELIMINARY INJUNCTION APPEAL. 28 U.S.C. § 1292(a)(1); 9th Cir. R. 3-3(a). (Yang, Nadja) (Filed on 11/13/2026) (Entered: 11/13/2026) |
| 11/14/2026 | 22 | NOTICE by Nadja Yang re 21 Notice of Appeal to the Ninth Circuit, Plaintiff's Certificate That No Transcript Will Be Ordered and Statement of the Issues. Fed. R. App. P. 10(b)(1)(B), (b)(3)(A); 9th Cir. R. 3-3(b), 10-3.1(a). (Yang, Nadja) (Filed on 11/14/2026) (Entered: 11/14/2026) |
| 11/16/2026 | | ***Civil Case Terminated. (vla, COURT STAFF) (Filed on 11/16/2026) (Entered: 11/16/2026) |

The appeal is an "appeal permitted by law as of right." Fed. R. App. P. 3(a)(1); 28 U.S.C. § 1292(a)(1). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." ECF No. 21, at 2 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)). That is "a clear background principle prescribed by [the Supreme] Court's precedents" and "a longstanding tenet of American procedure." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023). It "requires an automatic stay of district court proceedings that relate to any aspect of the case involved in the appeal," and "Congress need not say anything about a stay." *Id.* at 744.

The aspects of the case involved in this appeal are stated in the Plaintiff's statement of "the issues that the appellant intends to present on the appeal." Fed. R. App. P. 10(b)(3)(A); ECF No. 22. The first is whether this Court erred in refusing the preliminary injunction "by transferring the civil action under 28 U.S.C. § 1404(a) to the Eastern District of Michigan" and "directing the Clerk 'to effectuate the transfer and administratively close the file.'" ECF No. 22, at 2 (quoting ECF No. 19, at 5). Both have been stayed since November 13, 2026. The entry of November 16, 2026 purports to terminate the civil case. "Once a party properly appeals something a district court has done—here, the effective denial of a preliminary injunction—the district court has zero jurisdiction to do anything that alters the case's status." *In re Fort Worth Chamber of Commerce*, No. 24-10266, slip op. at 2, 100 F.4th 528 (5th Cir. May 3, 2024), https://www.ca5.uscourts.gov/opinions/pub/24/24-10266-CV1.pdf. There the district court had transferred the case while a preliminary injunction appeal was pending, and the United States Court of Appeals for the Fifth Circuit ordered it "to reopen the case and to give notice to D.D.C. that its transfer was without jurisdiction and should be disregarded." *Id.*, slip op. at 14.

The docket does not yet record that the notice of appeal has been sent to the Court of Appeals. The Plaintiff assumes that it has been or is being sent, and sets out the

governing rules for ease of reference. "The clerk must promptly send a copy of the notice of appeal and of the docket entries—and any later docket entries—to the clerk of the court of appeals named in the notice." Fed. R. App. P. 3(d)(1). "Every notice of appeal from an interlocutory order . . . refusing . . . a preliminary injunction . . . shall bear the caption 'PRELIMINARY INJUNCTION APPEAL.' Immediately upon filing, the notice of appeal must be transmitted by the district court clerk's office to the Court of Appeals clerk's office." 9th Cir. R. 3-3(a). "When the notice of appeal is filed in the district court, the clerk of the district court shall immediately transmit the notice to the Court of Appeals." 9th Cir. R. 10-1. The notice of appeal bears that caption. ECF No. 21, at 1. The filing to which "[i]mmediately upon filing" refers occurred on November 13, 2026. The court of appeals named in the notice is the United States Court of Appeals for the Ninth Circuit. *Id.* at 2. The same rule sets the schedule: "Within 28 days of the docketing in the district court of a notice of appeal from an order specified in subparagraph (a), the appellant shall file an opening brief and excerpts of record." 9th Cir. R. 3-3(b). The Plaintiff's opening brief is due on December 11, 2026, in an appeal that the circuit clerk "must docket" "[u]pon receiving the copy of the notice of appeal and the docket entries from the district clerk." Fed. R. App. P. 12(a).

Of a duty prescribed in such terms the Supreme Court said:

> This is not a proceeding which may be varied, if the judgment of the executive shall suggest one more eligible; but is a precise course accurately marked out by law, and is to be strictly pursued. It is the duty of the secretary of state to conform to the law, and in this he is an officer of the United States, bound to obey the laws. He acts, in this respect, as has been very properly stated at the bar, under the authority of law, and not by the instructions of the President. It is a ministerial act which the law enjoins on a particular officer for a particular purpose.

*Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 158 (1803).

Dated: November 17, 2026

Respectfully submitted,

/s/ kai

KAI, also known as Chi, Plaintiff *pro se*

Assisted-by: Claude Fable 5.2 via Claude Code

TO REUSE: Mark through all previous shipping labels and barcodes.

Align top of FedEx Express® shipping label here.

INSPECTED BY
NOV 17 2026
U.S. MARSHALS SERVICE

ble Enve

me.

ORIGIN ID:ARBA (332) 203-3124
NADJA YANG
200 EAST LIBERTY STREET
UNIT 7760
ANN ARBOR, MI 48104
UNITED STATES US

SHIP DATE: 19NOV26
ACTWGT: 0.55 LB
CAD: 6574888/ROSA2710

TO OFFICE OF THE CLERK
US COURT OF APPEALS FOR 9TH CIRCUIT
95 SEVENTH ST

SAN FRANCISCO CA 94103
(000) 000-0000 REF:
INV:
PO: DEPT:

FedEx Express

E

TRK# 0201 8800 8167 1940

FRI – 20 NOV 5:00P
STANDARD OVERNIGHT

XA SFOA

94103
CA-US SFO

FRI 11/20 07:02
94103-1518 95
SANFRANCISCO,CA
159-1001FL
SP PD 100 Y
ETP 3

Align bottom of peel-and-stick airbill or pouch here.